**Donnie Lynn SWANSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42435.**

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Herbert Green, Jr., Melvyn Carson Bruder, Tim K. Banner, Dallas, for appellant.

Henry Wade, Dist. Atty., James P. Barklow, C. H. Erwin, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, life.

At his trial on September 17, 1968, the appellant, after being duly admonished by the court as to the consequences of his plea, entered a plea of guilty before the jury to the offense charged. This action followed the abandonment of a prior conviction alleged in the indictment for enhancement.

While the appellant was represented by court appointed counsel on appeal, secured the record on appeal by virtue of a pauper's oath, and had appellate counsel appointed, he is now represented' on appeal by employed counsel. Just when such retained counsel succeeded the appointed counsel is not revealed by the record before us.

■ We observe that neither of the two briefs filed by counsel of appellant's own choice was timely filed in accordance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., and therefore only those questions involving "the interest of justice" can be reviewed by this Court under Section 13 of Article 40.09, supra.

Urging that identification has now assumed a constitutional dimension, appellant requests our consideration of his two unassigned grounds of error relating to his lineup identification by the complaining witness.

■ First, he contends the trial court erred in failing to act upon his pre-trial motion to suppress the lineup identification. There is no showing that such motion was ever called to the trial court's attention. Even if it had been, no error would be presented because the trial court, in its discretion, declined to hear the same. Article 28.01, V.A.C.C.P.; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468; Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Smith v. State, Tex.Cr.App., 437 S.W.2d 835; Blankenship v. State, Tex.Cr.App., 448 S.W.2d 476. Such action does not prevent the accused from objecting during the trial to the admissibility of any evidence he may have sought to suppress.

■ He did not seek, however, to pursue the matter at trial. As earlier noted, appellant entered a plea of guilty before the jury. "It is well established that a plea of guilty

**944**

to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." Darden v. State, Tex.Cr. App., 430 S.W.2d 494 and cases there cited.

 At the trial the complaining witness made a positive in-court identification of appellant to which there was no objection. It is fundamental that a timely objection to inadmissible evidence must be urged at the first opportunity. This was not done, nor has appellant assigned reason for delaying his objection. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842; Lucas v. State, Tex.Cr.App., 444 S.W.2d 638; Evans v. State, Tex.Cr.App., 444 S.W.2d 641; Evans v. State, Tex.Cr.App., 445 S.W.2d 180.

The facts surrounding the lineup were not fully developed and nothing in the record before us reflects any violation of appellant's rights under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

Further, appellant took the stand, made a judicial confession and admitted his identity as the man who had robbed the complaining witness as charged.

Certainly appellant's first unassigned error is without merit.

Likewise, we find no merit in his next contention that the court erred in failing on its own motion to withdraw appellant's plea of guilty when it became apparent that the "only evidence available to the State to establish the guilt of the appellant was constitutionally inadmissible."

 The obligation of the court to withdraw a plea of guilty on its own motion arises only where the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises

an issue as to such fact and such evidence is not withdrawn. See Reyna v. State, Tex.Cr.App., 434 S.W.2d 362.

In view of the facts described, the court had no such obligation in the case at bar.

The second unassigned ground of error is overruled.

The judgment is affirmed.