**Ronald William JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42467.

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

Rehearing Denied Feb. 11, 1970.

Marks, Time & Aranson, by Fred Time, Dallas, for appellant.

Henry Wade, Dist. Atty. and Charles Caperton, Tom Reese, Kerry P. FitzGerald, Ronald W. Chapman, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is rape; the punishment, life.

The offense for which appellant was tried and convicted was alleged and shown to have been committed on or about October 27, 1966, at which time appellant was 16 years of age.

The appellant is also the appellant in Jackson v. State, 449 S.W.2d 245 (No. 42,470) this day decided.

In the same proceedings as in that case, the Juvenile Court of Dallas County on November 23, 1966, waived its jurisdiction concerning the charge here involved and certified its action to the Criminal District Court of said county under the provisions of Article 2338–1, Sec. 6, Vernon's Ann. Civ.St., then in effect (Acts 1965, 59th Leg. p. 1256, Ch. 577).[1]

On December 9, 1966, such District Court conducted an examining trial as authorized by Article 2338–1, supra, at which hearing appellant was present and represented by counsel. At the conclusion of such hearing the appellant was bound over to the grand jury. The transcription of the court reporter's notes of such examining trial is not in the record before us.

The indictment in the case at bar was duly presented on February 21, 1967.

On March 13, 1967, appellant, represented by counsel of his own choice, entered a plea of guilty before a jury after being properly admonished by the court of the consequences thereof.[2] No motion was filed or question raised concerning the validity of the discretionary transfer. A judgment was entered on the same date. No motion for new trial being filed, sentence was pronounced on March 29, 1967, and notice of appeal was given. The sentence was made cumulative with that in Cause No. C–66–4787–H in the same court (being the sentence in Jackson v. State, 449 S.W.2d 245 (No. 42,470), this day decided).

The record on appeal was approved without objection on July 24, 1967. Thereafter appellant filed his appellate brief in the trial court. The record then reflects six approved motions by the State for extension of time in which to file its brief which resulted in extensions from November 17, 1967, to July 24, 1968. In the interim, the appellant (now represented by different counsel than at the trial or time of the filing of his brief) filed a "motion to perfect record" on February 19, 1968, requesting the "statement of facts" of the juvenile proceedings. The motion was approved and the requested instrument included in the record.

1. See now 1967 amendment to said Article 2338–1, supra (Acts 1967, 60th Leg., p. 1083, Ch. 475).

2. In Darden v. State, 430 S.W.2d 494, this Court said:

    "It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. Miller v. State, Tex.Cr.App., 412 S.W.2d 650; Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d 83; Burks v. State, 145 Tex. Cr.R. 15, 165 S.W.2d 460; Grounds v. State, 140 Tex.Cr.R. 209, 144 S.W. 2d 276; Hawkins v. State, 158 Tex. Cr.R. 406, 255 S.W.2d 875; Vance v. State, 122 Tex.Cr.R. 157, 54 S.W.

2d 118; Aills v. State, 114 Tex.Cr.R. 345, 24 S.W.2d 1097; Crumbley v. State, 103 Tex.Cr.R. 391, 280 S.W. 1064.

    "Where the guilty plea is before the jury, the presumption of innocence does not obtain under the plea and there is no issue of justification under it. Stullivan v. State, 47 Tex.Cr.R. 615, 85 S.W. 810; Garcia v. State, 91 Tex.Cr. R. 9, 237 S.W. 279. See also Jackson v. State, 155 Tex.Cr.R. 466, 236 S.W. 2d 623. Where such plea is before a jury, the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt beyond a reasonable doubt. Alexander v. State, 69 Tex.Cr.R. 23, 152 S.W. 436. It is observed that appellant made no effort to withdraw his guilty plea."

We find a second approval of the record by the trial court on February 8, 1968. The reason for such action does not appear in the record. We do observe that appellant's new counsel filed an appellate brief in the trial court on February 28, 1968, assigning eleven grounds of error, all dealing with the juvenile court proceedings.

Finally, on August 13, 1969, the present judge of the Criminal District Court ordered the record transmitted to this Court. It was received by this Court on August 19, 1969.

Since appellant's first brief was apparently timely filed, we first note the grounds of error there assigned.

First, he contends the cumulation of the sentences was not sufficiently specific to authorize the punishment sought to be imposed. He points out that the order of cumulation refers only to the previous cause number and shows the conviction was in the same court.

In Ex parte Lewis, 414 S.W.2d 682, this Court had occasion to discuss the specific and definite recitals which are recommended to be included in any order of cumulation. With reference to this specific problem here presented, we said in Lewis:

"The order in Cause No. 58,506 is deemed sufficient although reference is made only to the previous cause number since the order was in the same court and on the same day as the sentence to which it is made cumulative. Ex parte Ogletree, 168 Tex.Cr.R. 429, 328 S.W.2d 446, 447; Ex parte Lee, 161 Tex.Cr.R. 398, 278 S.W.2d 137. While such form is not recommended, it has been held that the rule of certainty as to the beginning and ending of each sentence is not so strict as it is when the sentences sought to be cumulated are from different courts. Ex parte Hatfield, 156 Tex. Cr.R. 92, 238 S.W.2d 788; Ex parte

Johnson, Tex.Cr.App., 218 S.W.2d 200; Ex parte Snow, 151 Tex.Cr.R. 640, 209 S.W.2d 931."

■ Therefore, the order of cumulation in the case at bar being in the same court and entered on the same day as the sentence to which it is made cumulative and referring to the cause number of such sentence, is deemed sufficient. Ex parte March, Tex.Cr.App., 423 S.W.2d 916.

■ Next, appellant contends the order of cumulation is invalid since the sentence to which it was made cumulative was not a final conviction, notice of appeal having been given. This contention is sufficiently negated by Alsup v. State, 84 Tex.Cr.R. 208, 206 S.W. 345. See also Ex parte Howard, Tex.Cr.App., 447 S.W.2d 160; Ex parte McClain, 158 Tex.Cr.R. 115, 253 S.W.2d 863; Ex parte Hatfield, 156 Tex. Cr.R. 92, 238 S.W.2d 788.

■ Still further, appellant complains of being tried in the Criminal District Court at age 16. Except for the provisions of Article 2338–1, V.A.C.S., then in effect, the District Court clearly had jurisdiction to try the appellant. See also Article 30, Vernon's Ann.P.C., then in effect at the time of appellant's trial.[3] Under the express provisions of the 1965 amendment to Article 2338–1, supra, the appellant was properly certified by the juvenile court to the District Court for proper criminal proceedings. We perceive no error.

■ We do not view appellant's second brief as being timely filed in the trial court. And for the same reasons set out in Jackson v. State, 449 S.W.2d 245 (No. 42,470), we do not consider the grounds of error assigned therein as requiring review "in the interest of justice." We do not view the trial judge's second and unnecessary approval of the record as authorization for further extension of time in which to file

3. See now 1967 amendment to Article 30, V.A.P.C. (Acts 1967, 60th Leg., p. 1086, Ch. 475).

an appellate brief. Even if it could be so considered, we cannot conclude that the grounds of error dealing with the juvenile court's proceedings and certification have any merit.

The judgment is affirmed.