**Ronald William JACKSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42470.**

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

See also Tex.Cr.App., 449 S.W.2d 242.

Marks, Time & Aranson, by Fred Time, Dallas, for appellant.

Henry Wade, Dist. Atty., and Charles Caperton, Tom Reese and William S. Mason, Jr., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is rape; the punishment, assessed by the jury, 38 years.

The offense for which appellant was tried and convicted was alleged and shown to have been committed on or about the 9th day of November, 1966, at which time appellant was 16 years of age.

The record reflects that on November 23, 1966, the Juvenile Court of Dallas County conducted a hearing on the issue of waiver of jurisdiction and on the same date waived jurisdiction on the alleged charge here involved and certified its action to the Criminal District Court of Dallas County under the provisions of the 1965 amendment to Article 2338–1, Sec. 6, Vernon's Ann.Civ.St.[1] (Acts 1965, 59th Leg., p. 1256, Ch. 577).

The order of certification shows that such action was taken "after diagnostic study, social evaluation and full investigation."

The proceedings of the juvenile court were filed in the said Criminal District Court on December 9, 1966.

On this date such district court conducted an examining trial as authorized by Article 2338–1, supra, at which appellant was present and represented by counsel. At the conclusion of such hearing the appellant was bound over to the grand jury. The transcription of the court reporter's notes of such examining trial is not in the record before us.

The indictment in the case at bar was returned and presented on December 30, 1966.

Appellant's trial on a plea of not guilty before a jury commenced on February 13, 1967. He was represented by two attorneys of his own choice. No motion was filed or question raised concerning the validity of the discretionary transfer from the juvenile court.

On February 16, 1967, following appellant's conviction, judgment was entered. No motion for new trial being filed, sentence was pronounced on March 29, 1967, and notice of appeal given.

The court approved the record on appeal on August 23, 1967, noting that no objections thereto had been presented. See Article 40.09, Sec. 7, Vernon's Ann.C.C.P.

Thereafter, at the request of appellant's retained counsel (who did not represent him at the trial), the judge extended the time for filing the appellate brief in the trial court until October 15, 1967.

■ On October 18, 1967, such brief was filed contending appellant had never been arraigned and the indictment never read to the jury.[2]

---

1. See now the 1967 amendment to said Article 2338–1, Sec. 6, supra (Acts 1967, 60th Leg., p. 1083, Ch. 475).

2. The judgment contained in the record approved without objection reflects that the appellant was duly arraigned and entered a plea of not guilty and thereafter the indictment was read to the jury. Therefore, even if appellant's brief can be considered timely filed, no error is presented. Boening v. State, Tex.Cr.App., 422 S.W.2d 469. Further, Article 44.24, V.A.C.C.P., requires this Court to presume that the defendant was arraigned unless such matter was made an issue in the court below, or unless it affirmatively appears to the contrary from the record.

■ The State does not appear to have then filed a brief, nor does it appear that the time table set forth in Article 40.09, supra, was followed.[3]

The next entry, however, found in the record is a "motion to perfect record" filed in the trial court on February 19, 1968, by still another attorney retained by appellant. Such motion requested the "statement of facts" of the juvenile court hearing be included in the appellate record. While apparently not in accordance with Section 7 of Article 40.09, supra, the record having been long since approved without objection, the trial court nevertheless approved the request and the "statement of facts" is found in the record before us.

Finally, on August 13, 1969, almost two years after the approval of the record, the present judge of the Criminal District Court of Dallas County, who had not previously participated in the case, ordered the record transmitted to this Court where it was received on August 20, 1969.

■ Appellant now urges our consideration of 13 grounds of error set forth in a brief filed in the trial court on February 20, 1968. Such grounds not being timely assigned, we need consider only those grounds of error which in our opinion require review "in the interest of justice." Article 40.09, Sec. 13, supra. Twelve of the grounds of error appellant would have us consider involve the juvenile court proceedings and the claimed ineptness of retained counsel at such proceedings.[4]

Appellant relies primarily upon Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 and In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Kent involved an interpretation of the District of Columbia Juvenile Court Act where the court failed to conduct a hearing prior to waiving the juvenile court's exclusive jurisdiction. Gault did not involve a discretionary transfer or waiver of juvenile court jurisdiction.

■ In the case at bar the record shows the juvenile court conducted a hearing on its waiver of jurisdiction under the provisions of Article 2338–1, supra, then in effect, at which hearing appellant was represented by counsel and his parents were present. There is no showing appellant was denied social and probation records or other reports available to the juvenile court. As earlier noted, the certification by juvenile court reflects such action was taken "after diagnostic study, social evaluation and full investigation." Keeping in mind the principles of Kent and Gault, a review of the record convinces us that the hearing was properly conducted and that appellant's grounds of error are without support in the record and do not require review "in the interest of justice."

■ Appellant's counsel in oral argument urges us to reverse this conviction due to claimed procedural defects in the juvenile proceedings which are raised for the first time on appeal. He contends appellant is entitled to be re-tried in the district court, now that he is well above the age of 17 years, without any question of the propriety of the transfer from the juvenile court being involved.

We cannot agree.

The judgment is affirmed.

---

3. The failure of the State to file a brief and the omission of the trial court to perform its duty under Section 12 of Article 40.09, supra, should not prevent the prompt transmission of the record to the Court of Criminal Appeals. See Article 40.09, Sec. 13, V.A.C.C.P.

4. The other ground of error involves the failure to read the indictment which was discussed in footnote No. 2.