**Don REEVES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43007.**

Court of Criminal Appeals of Texas.

June 10, 1970.

On Motion to Reinstate Appeal
Sept. 23, 1970.

Bryant, Glenn & Thomas, by Bill Thomas, Abilene, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 5 years.

We are confronted with the same problem that we were confronted with in Bedell v. State, Tex.Cr.App., 443 S.W.2d 850, and cases there cited. See also Stuart v. State, Tex.Cr.App., 445 S.W.2d 743.

It appears from the record that the sentence was untimely and improperly pronounced. See Art. 42.03 Vernon's Ann. C.C.P. If, however, sentence was properly pronounced, then notice of appeal was not given within ten days thereafter as required by Art. 44.08 V.A.C.C.P.

It is clear that for either reason the appeal must be dismissed.

It is so ordered.

## OPINION ON APPELLANT'S MOTION TO REINSTATE APPEAL

It is made to appear that in fact sentence, copy of which has been made a part of the

2. Williams v. Beto, supra.

record on appeal, was pronounced on February 24, 1969, and that immediately thereafter notice of appeal was given.

Appellant's motion to reinstate the appeal is granted.

The record on appeal forwarded to this court and filed on March 25, 1970, reflects that it was approved by the trial court on July 11, 1969, notice of its completion having been given on May 30, 1969.

No brief in behalf of the defendant was filed in the trial court within the time allowed by Art. 40.09, Sec. 9, V.A.C.C.P.

Appellant's brief forwarded to this court with the record and filed in this court on March 25, 1970, was filed in the trial court on September 21, 1969.

No brief was filed by the state.

The grounds of error set forth in appellant's brief are not before this court for review. Castillo v. State, Tex.Cr.App., 421 S.W.2d 112; Harlan v. State, Tex.Cr.App., 430 S.W.2d 213; Sewell v. State, Tex.Cr. App., 440 S.W.2d 852; Swanson v. State, Tex.Cr.App., 447 S.W.2d 942; Jackson v. State, Tex.Cr.App., 449 S.W.2d 242.

No question of indigency is raised.

Unless this overburdened court is to revert to the procedure in effect prior to the 1965 Code of Criminal Procedure, and consider the sufficiency of the evidence in every appeal, we see no reason to make an exception in this case. We express the view, however, that the evidence, including the testimony of the state's witness Sullivan whose credibility was for the jury, viewed in the light most favorable to the jury's verdict, is sufficient to sustain the conviction.

The judgment is affirmed.

ONION, J., concurs.

MORRISON, J., dissents.