**Floyd Grady STODDARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44389.**

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

Les Procter, Austin, for appellant.

Robert O. Smith, Dist. Atty., Phoebe Lester, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for unlawful possession of marihuana. Trial was before a jury with punishment set by the jury at four years confinement.

At the outset, it appears that appellant's brief was not timely filed in the trial court. The record was approved on November 16, 1970. On December 15, 1970, the trial court extended the time in which to file the brief until February 16, 1971. Appellant's brief was not filed until February 25, 1971. The brief not being timely filed, this Court will consider only those questions which "should be reviewed in the interest of justice." Art. 40.09, § 13, Vernon's Ann.C.C.P. Reeves v. State, 457 S. W.2d 924 (Tex.Cr.App.1970); Jackson v. State, 449 S.W.2d 242 (Tex.Cr.App.1969); Jackson v. State, 449 S.W.2d 245 (Tex.Cr. App.1969); Swanson v. State, 447 S.W.2d 942 (Tex.Cr.App.1969); Sewell v. State, 440 S.W.2d 852 (Tex.Cr.App.1969); Harlan v. State, 430 S.W.2d 213 (Tex.Cr.App. 1968); Castillo v. State, 421 S.W.2d 112 (Tex.Cr.App.1967).

Appellant raises only one ground of error in his untimely filed brief. He contends that the trial court erred in admitting evidence which was obtained as the result of a search of his automobile. He contends that the search was unlawful because of a defective search warrant and that probable cause did not exist for the issuance of the warrant. This ground of error will be considered as unassigned error. Art. 40.09, § 13, V.A.C.C.P.; Heltzel v. State, 462 S.W.2d 289 (Tex.Cr.App. 1971); Dodd v. State, 436 S.W.2d 149 (Tex.Cr.App.1969); Johnson v. State, 436 S.W.2d 906 (Tex.Cr.App.1968).

Captain Harvey Gann and other officers of the Austin Police Department, pursuant to a search warrant, conducted a search of appellant's office, which was located in Parlin Hall on the campus of the University of Texas at Austin. During the course of the search the officers found a quantity of dangerous drugs. As a result of their finding of the drugs, the officers arrested appellant, who was present at the time of the search, and transported him to the Austin police station, where he was "booked" for unlawful possession of dangerous drugs.

At the time of the arrest, the officers requested permission to search appellant's automobile, which was parked on a street near the building where the office was located. This request was refused. After taking appellant to the police station, the officers obtained a warrant to search the car. The key to the car was taken from appellant in the course of a search of his person conducted at the police station. The officers, having obtained a warrant, returned to the car, which had been left

"under surveillance" by one officer, opened the trunk with the key and found a quantity of marihuana therein. Appellant's palm and fingerprints were found on one of the containers in which the marihuana was located.

Appellant contends that the marihuana which was found in the trunk of his automobile was unlawfully seized and that its admission into evidence was improper. He contends that the affidavit for search warrant did not set forth probable cause for the issuance of the warrant and that it was unintelligible as to the thing or place to be searched. We will first discuss whether the affidavit showed the existence of probable cause.

The relevant portion of the affidavit reads as follows:

"Affiants have received information from a credible and reliable informant that FLOYD STODDORD, WM approx. 32 years of age, is keeping and using narcotics, to-wit, MARIJUANA. STODDORD keeps the MARIJUANA in his office located at Room # 224 at Parlin Hall, Austin, Travis County, Texas, and uses the above described vehicle to transport MARIJUANA between his house and his office. Informant further states that he has been present on numerous occasions when the marijuana was carried in the above described vehicle, the last time being within the past 72 hours.

"Prior to the writing of this warrant, STODDORD was found in possession of a quantity of DANGEROUS DRUGS and had just used his vehicle, described above, to come to the office. His actions at the time of arrest and his refusal to give a voluntary consent to search his motor vehicle, in addition to the informant's statement relating to the transportation of the MARIJUANA in his vehicle, indicate that he currently has drugs to-wit MARIJUANA concealed in his vehicle."

An affidavit for a search warrant may be based on hearsay, but the magistrate who issues the warrant must be informed of, (1) some of the underlying circumstances upon which the informant has based his conclusions and, (2) some of the underlying circumstances from which the affiant has concluded that the informant was credible or that his information was reliable. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Either of these two elements, if not contained in the portion of the affidavit based on hearsay, may be supplied by independent corroboration on the part of the affiant or affiants. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969); Gonzales v. Beto, 425 F.2d 963 (5th Cir. 1970).

The affidavit may also be based on a combination of hearsay and personal knowledge of the affiant. In such cases, however, the combined information must still meet the test of Aguilar, supra. Spinelli v. United States, supra; Gonzales v. Beto, supra.

In the instant case, the first paragraph or part of the affidavit is based on hearsay. The state contends that the second paragraph is based upon personal knowledge of the affiants. It is not necessary to determine whether the second part of the affidavit is based upon hearsay or personal knowledge, because in either event, the two parts when considered together do not meet the test of Aguilar v. Texas, supra.

The first part of the affidavit recites only that the informant was "credible and reliable." Nothing is stated in that part of the affidavit which would indicate the underlying circumstances which led the affiants to conclude that the informant was "reliable and credible." Therefore, if the affidavit is to furnish some further basis for belief by the magistrate, such basis must be found in the second part.

Even if the second part of the affidavit is construed as being the personal knowl-

edge or observation of the affiants, it is not sufficient to provide a basis for belief that the informant was "credible and reliable." The second part of the affidavit does not detail circumstances which, by their specific nature, would indicate that marihuana was concealed in the automobile. Therefore, no corroborating circumstances are reflected which would tend to verify the informant's accusation, and thereby support the conclusion that he was "reliable and credible."

■■■ The second part merely recites that appellant "Prior to the writing of this warrant [sic] . . . ." No indication is given as to *when* he was found in possession of dangerous drugs. Further, the statement that "His actions at the time of arrest and his refusal to give a voluntary consent to search his motor vehicle . . . ." does not provide corroboration of the informant's statement so as to enhance his credibility. No detail is given as to what "his actions at the time of arrest" were, so as to indicate why such actions would lead the affiants to conclude that marihuana was contained in the automobile. Therefore, the statement does not corroborate the informant's statement. Likewise, the statement that appellant refused to grant permission to search his car can be of no value whatsoever in establishing probable cause, or corroboration. If a person chooses to exercise a constitutional right, this cannot be used to his detriment by the state. See Art. 38.08, V.A.C.C.P.; United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Slochower v. Bd. of Higher Ed. of City of New York, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956).

■■■ Even if the second part of the affidavit did contain sufficient underlying circumstances from which the issuing magistrate could conclude that the affiants were justified in their conclusion that the informant was "credible and reliable," it is not sufficiently clear that the affiants spoke from personal knowledge, rather than mere belief, or from knowledge gained through hearsay. In particular, the affidavits do not state how the affiants knew that appellant "was found in possession of a quantity of Dangerous Drugs." Whether they personally observed him in possession, or whether they had been told that he was in possession of drugs by the informant cannot be determined from the affidavit. The same is true in regard to the statement about "His actions at the time of arrest." Without more than the mere assertion that appellant was found in possession, the second part of the affidavit is merely an expression of the affiant's belief, which is insufficient to support the issuance of a warrant, and is insufficient to corroborate the informant's information. "The unsupported assertion or belief of the officer does not satisfy the requirement of probable cause." Spinelli v. United States, 393 U.S. 410, 423, 89 S.Ct. 584, 592, 21 L.Ed.2d 637 (Justice White concurring). Also see Ruiz v. State, 457 S.W.2d 894 (Tex.Cr.App. 1970) (Onion, J., concurring).

The test, as set forth in Spinelli v. United States, supra, 393 U.S. at 415, 89 S.Ct. at 588, is: "Can it fairly be said that the tip, even when certain parts of it have been corroborated by independent sources, is as trustworthy as a tip which would pass *Aguilar's* tests without independent corroboration?" In the case at bar, the affidavit does not meet this test. The first part of the affidavit is insufficient in that it does not reflect the reason why the affiant believes the informant to be "credible and reliable." The remaining portion of the affidavit, whether considered as independent observation of the affiants, belief of the affiants, or as part of the informer's tip, does not add to the first part in regard to credibility. Therefore, the second "prong" of the Aguilar test has not been met.

The state contends that the case at bar falls within the ambit of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.

2d 327 (1959), as applied in United States v. Acosta, 411 F.2d 627 (5th Cir. 1969) and in Almendarez v. State, 460 S.W.2d 921 (Tex.Cr.App.1970). Specifically, the state maintains that because the affidavit describes the automobile with particularity,[1] the rule of Draper applies and therefore probable cause for the search existed.

We feel that the state's reliance on Draper v. United States, supra, United States v. Acosta, supra, and Almendarez v. State, supra, is misplaced. In each of those cases the police had some other basis for believing that the informant was truthful, and the specificity of his information served only to demonstrate that, in all likelihood, he had gained his information in a reliable manner. The specificity did not serve as an "underlying circumstance" for determining his veracity.

■ Since the warrant fails because of this deficiency, we need not discuss whether the warrant satisfied the first part of the Aguilar test, i. e. the underlying circumstances from which the informant drew his conclusions must be set forth. We therefore move to the state's contention. The state maintains that the officers had probable cause to search the automobile without a warrant, and that even if the warrant was improperly issued, the search was lawful, as a warrant was not needed. We do not agree.

At the time of the search, appellant was at the police station. Therefore, the search was not incident to a lawful arrest. "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964); Chambers v. Maroney, 399 U.S. 42, 47, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419 (1970). "[T]he reasons that have been thought sufficient to justify warrantless searches carried out in connection with an arrest no longer obtain when the accused is safely in custody at the station house." Chambers v. Maroney, supra. The state contends that the police officers could have taken the auto to the police station, had they chosen to do so, and once there, could have conducted an inventory search. This is not correct. The arrest was in no way connected with the automobile. To say that the police officers could have taken possession of the car and made a search, merely because the owner of the car had been arrested in his office for possession of dangerous drugs is to say that the arrest of a person, at any place, justifies the search of his home, or his car, regardless of where or why he was arrested.

If a warrantless search of the car would have been justified, it must be that probable cause existed for the search (the search incident to arrest and inventory search possibilities having been eliminated), and the obtaining of a warrant not necessary.

■ The general rule is that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, *accord* Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971). "Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search." Chambers v. Maroney, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981 (1970). The mere fact that probable cause exists will not obviate the necessity for procuring a warrant, unless the search falls within one of the exceptions to the general rule. "Any assumption that evidence sufficient to support a magistrate's disinterested de-

---

1. The car was described as follows in the affidavit: ". . . a 1966 Ford, 2 Door, Hardtop, green color, 1969 Texas license BDM 437, located on the north curb of Inner Campus Drive in front of Parlin Hall at the main University of Texas campus, Austin, Travis County, Texas."

termination to 'issue a search warrant will justify the officers in making a search without a warrant would reduce the Amendment to a nullity . . . . " Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed.2d 436 (1948). "Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. And such searches are held unlawful notwithstanding facts unquestionably showing probable cause." Agnello v. United States, 269 U.S. 20, 33, 46 S.Ct. 4, 6, 70 L.Ed. 145 (1925); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 2030, 29 L.Ed.2d 564 (1971).

Therefore, even if the officers had probable cause to believe that marihuana was concealed in appellant's automobile,[2] that fact, standing alone, would not justify a warrantless search. That being the case, we shall first assume that the officers had probable cause and will determine whether they would have been justified in not obtaining a search warrant.

In the cases of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970),

the Federal Supreme Court held that a search without warrant of an automobile may be justified under circumstances which would not permit a warrantless search of a building. Both of those cases held that if officers had probable cause to believe that certain articles were in a moving automobile, then the officers could stop and search the car without a warrant. This rule was based on the knowledge that an automobile is movable and therefore the opportunity to search is fleeting. Because of this, the delay inherent in obtaining a warrant would often cause a search to be impossible. Chambers v. Maroney, supra, reiterated the holding in Carroll, and further held that, once an automobile is stopped under circumstances which would justify a search under Carroll, then it may be taken to the police station and searched at that location.

In the recent case of Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the court again dealt with the problem of the warrantless search of an automobile. The facts of the case were that police officers arrested the defendant at his home and took him to the police station. At the time of his arrest, his car was parked on the driveway of his

2. At the hearing on appellant's Motion to Suppress, two officers testified that the informant had furnished reliable information in the past, and that appellant had told the officers at the time of the search of the office that he had just come to the office in his car. No further explanation of "his actions at the time of arrest," which led the officers to believe that he was concealing marihuana in his automobile, was made. While it is elementary that the reviewing court may consider only the information which was brought to the attention of the magistrate, in passing on the validity of the warrant, Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), nevertheless, the additional evidence may be considered in determining whether probable cause for a search without warrant existed, because in such cases the information which was available to the searching officers is deter-

minative. [In Texas, the reviewing court may not go behind the "four corners" of the warrant and affidavit. This rule is apparently not necessitated by the United States Constitution, the Constitutional rule being that the reviewing court cannot consider information which was not brought to the attention of the magistrate, but by the Texas Statutes and cases. See Art. I, Sec. 9, Texas Constitution, Vernon's Ann.St. Art. 18.01, V.A.C.C.P.; Ruiz v. State, 457 S.W.2d 894 (Tex.Cr.App.1970) Onion, J., concurring; Hall v. State, 394 S.W.2d 659 (Tex.Cr.App.1965)]. Thus, although the evidence at the hearing indicated that the warrant to search the automobile was obtained from the same magistrate as was the warrant for the search of the office, the affidavit for the first search, which related the underlying circumstances concerning the informant's credibility, cannot be considered as being before the magistrate.

home. The officers obtained a warrant to search the car, but the warrant was later found to be defective. The car was towed to the police station, where it was searched for the first time two days after the arrest. The car was not towed to the station until about two and one-half hours after the arrest, although apparently the house and car were under police guard during this time.

The Court, per Mr. Justice Stewart with three justices concurring and one justice concurring in the judgment, held that the search was unlawful and the fruits thereof inadmissible. The opinion distinguished the holdings in Carroll, supra, and Chambers v. Maroney, supra, by pointing out that those cases dealt with the search of an automobile stopped on a public highway, not a search of a parked and unoccupied car, with the owner in custody at the time of the search. The opinion held that the mere fact that an automobile is movable does not automatically permit warrantless searches. As the Federal Court stated:

" * * * It is frequently said that occupied automobiles stopped on the open highway may be searched without a warrant because they are 'mobile' or 'movable'. * * * In this case, it is of course true that even though Coolidge was in jail, his wife was miles away in the company of two plainclothesmen, and the Coolidge property was under the guard of two other officers, the automobile was in a literal sense 'mobile.' A person who had the keys and could slip by the guard could drive it away. We attach no constitutional significance to this sort of mobility." Coolidge v. New Hampshire, 403 U.S. 443, 461, 91 S.Ct. 2022, 2035.

Instead, the Court held that the "exigent circumstances" test still applies in the case of automobiles. The Court implied that Carroll and Chambers v. Maroney, were examples where, in the case of automobiles, by their *use* (as opposed to their *nature*), the requisite "exigent circumstances" may often be present, but not merely because an automobile is involved.

In the present case, we are confronted with facts very similar to those in Coolidge, supra. Here, as in that case, the appellant was arrested in a building and taken away. The automobile was located outside the building. The officers had obtained a warrant, but it was defective. The car was left "under surveillance" by an officer for about two and one-half hours while the other officers were obtaining the warrant. Apparently, the only significant difference in Coolidge was that in that case, the defendant's wife was in custody and the automobile itself was of evidentiary value in regard to the issue of identity.

Although a decision in regard to the instant case could well be made based on the very similar facts of Coolidge, we prefer, because of the limited precedential value of such a case in which the holding of the Court was by less than a majority,[3] to reach a decision by applying already accepted principles regarding search and seizure.

Upon careful consideration, we have concluded that the "exigent circumstances" which are necessary to justify a search without warrant are not present in the case at bar. The appellant was in custody at the time of the search, and the police were

---

3. In Coolidge v. New Hampshire, supra, some dissenting members of the Court based their opinion on the fact that the car in that case was of evidentiary value in its own right and was therefore evidence in plain view. The automobile was a key factor in placing the defendant at the scene of the crime. The officers had been looking for the particular car. In the present case, the car became important only at trial, in connecting it with its owner, in order to show that the car and contents belonged to appellant. At the time of the search, however, the officers were not searching for the car as evidence. It became important only after the search. Thus, the instant case seems to be a clearer example of the lack of "exigent circumstances" than does Coolidge, supra.

in possession of at least one set of keys to the car. Another officer remained at the location of the car [4] while the other officers took appellant to the police station and obtained the warrant. There was nothing to indicate particularly that the car was about to be moved (other than the ever-present possibility, as is the case with all objects other than large fixtures, that they may be moved before a search is executed). The testimony at the hearing on the Motion to Suppress did not reveal that the officers believed or had reason to believe that one of appellant's confederates might move the car. The appellant was in the presence of the officers continuously onward from the time of the search of his office, so he had no opportunity to contact any other person. This is not a case in which the officers, seeing a moving car in which they have probable cause to believe certain articles are contained, stop the car and search.

In short, we see no justification for a search without warrant. Therefore, the warrant having been improperly issued, and the search not warranted, the evidence obtained as a result of the search was unlawfully obtained and should not have been admitted. Art. 38.23, V.A.C.C.P. We do not mean to hold that "exigent circumstances" may never exist in the case of a parked car. Nor does the fact that the place which is searched is an automobile serve as an automatic justification for a warrantless search. "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." Coolidge v. New Hampshire, 403 U.S. 443, 461, 91 S.Ct. 2022, 2035, 29

L.Ed.2d 564. "Neither Carroll, supra, nor other cases . . . require or suggest that in every conceivable circumstance the search of an auto even with probable cause may be made without the extra protection for privacy that a warrant affords." Chambers v. Maroney, 399 U.S. 42, 50, 90 S.Ct. 1975, 1980, 1981, 26 L.Ed.2d 419 (1970). The test is whether "exigent circumstances" make the obtaining of a warrant impracticable. In the instant case no showing is made as to why the obtaining of a warrant was not practicable.

That the place to be searched is an automobile is, of course, an important factor which may be considered along with the *use* of the auto and other factors, in determining whether the "exigent circumstances" are present. While the nature and normal use of an automobile will often be the key factor in providing the "exigent circumstances" in situations where otherwise they would not exist, nevertheless the fact that the place to be searched is a car is but one factor, an important one, in making the determination as to the existence of the "exigent circumstances." It is not the only factor to be considered.

Having determined that the search without warrant was not justified, probable cause notwithstanding, we need not determine whether the officers had probable cause to believe that the marihuana was in the vehicle.

For the reasons stated, the judgment is reversed and the cause remanded.

MORRISON, J., not participating.

---

4. Although we do not decide the point, it seems that the officer would have been justified in preventing any person from moving the car, pending the determination of the request for warrant. See Chambers v. Maroney, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).