Ronald Dee JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44460.

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 3, 1972.

Matthew H. Talty III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Andy Tobias, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. The record reflects that on March 6, 1968, appellant plead guilty before the court to the offense of assault with intent to kill. The punishment was assessed at confinement for ten years, but the imposition of the sentence was suspended and appellant was granted probation.

One of the terms and conditions of the probation was:

"(a) Commit no offense against the laws of this or any other State or the United States."

On December 29, 1970, the State filed a motion to revoke probation alleging that appellant violated the terms of his probation in that "said defendant did in Harris County, Texas on or about the 24th day of December, 1970, commit the offense of Aggravated Assault upon Frank Zachary; and that said defendant did in Harris County, Texas on or about the 24th day of December, 1970, willfully destroy and attempt to injure or destroy property over the value of $50.00 belonging to Gabe Nahas."

■ The evidence reflects that appellant went to the office of Gabe Nahas in the City of Houston on December 24, 1970. Frank Zachary was alone in the office at that time. A conversation, the content of which was not disclosed except to the extent that Zachary said that appellant "thought his wife had been done wrong." [1] She had worked for Nahas and had been discharged. Thereafter appellant went into another part of the office, where he asked Zachary to call Nahas. Zachary refused to call. Appellant then asked to see some

files, but Zachary refused. Zachary pushed appellant away. Appellant then pushed three dictating machines off a cabinet. Zachary testified that he could not say for certain whether the machines were knocked off intentionally or by accident. He testified only that the act was done in a fit of anger. Zachary also testified, in part:

"A He whirled around and knocked some Dictaphone machines off, three of them.

"Q How did he do this, did he push them off?

"A Just wiped them off."

After the dictating machines hit the floor, according to Zachary, appellant then broke the glass cover on the top of a desk in the office. Zachary testified, in part, regarding this occurrence:

"A Well, he started back to the files. I got between. That was when the tussle was and he hit the glass and broke the glass on the desk.

"Q On whose desk did he break the glass?

"A On Mr. Nahas' desk.

"Q How thick was this glass on top of the desk?

"A A quarter of an inch.

"Q What did he hit the glass with?

"A His hand.

"Q How did he hit it?

"A Well, he was throwing down on it is all I know.

"Q Did he throw his hand back over his head?

1. Appellant gives a detailed explanation in his brief of the cause of appellant's dissatisfaction with Mr. Nahas, and has attached an exhibit to his brief. Appellant's statements and exhibits appear nowhere in the transcript, and even if they were relevant, which they are not, they are not properly before this Court and will not be considered. e. g., Harris v. State, 453 S.W.2d 838 (Tex.Crim.App.1970); Anderson v. State, 445 S.W.2d 752 (Tex.Crim. App.1969); Robertson v. State, 168 Tex. Cr.R. 35, 322 S.W.2d 620 (1959).

"A   I don't think so.

"Q   He just came down on it?

"A   Yes, and it busted and cut his hand.

"Q   At the time he did that, did he appear to be doing that in a fit of anger, also?

"A   Oh, he was angry, yes, sir.   That was when I shoved him back in the main office.

"Q   Did he break the glass or crack it?

"A   He broke it all over.

"Q   Did he knock it off?

"A   No.

"Q   Just shattered the glass completely by hitting it with his hand?

"A   Yes, sir.

"Q   Did he kick it?

"A   No."

Thereafter, Zachary testified that he shoved appellant into another room of the office and saw appellant use a telephone to call Nahas.  Thereafter, appellant ripped the phone off the wall (or ripped the receiver from the body of the instrument, the evidence not being clear on this point).  Appellant then went to another part of the office where he stated that he was going to call the police.  Appellant then left.  Zachary also testified that, at some time during the disturbance, appellant took a drawer from a desk, and scattered some receipt books, which were in the drawer, around the room.  Zachary testified that appellant did not hit him, did not "pull a knife on him," nor did he "do anything" to him.

Nahas testified that he talked to appellant on the telephone, and when Nahas asked him why he was in his office, appellant replied, "You S.O.B.  You don't have an office.  I have confiscated it."  Nahas testified that he found the office in the condition described by Zachary.  He stated that the total cost of replacing the glass and repairing the dictating machines was over fifty dollars, but he was unable to enumerate the individual cost.  No mention was made as to the value of, or the cost of repairing the telephone.

Appellant raises four contentions.  In his first and third contentions, appellant asserts that there was no evidence of aggravated assault.  In this regard he is correct.  There was no evidence of an assault upon Zachary, and likewise no evidence of aggravation.   See Art. 1147, Vernon's Ann.P.C.   (Supp.1972).   However, this alone will not compel a reversal unless the other remaining allegation for revocation was not proved.

In his second contention, appellant asserts in part, that "The complaining witness, Gabe Nahas, could not give any accuracy at all to determine the repair and replacement value of damage to property."  The evidence reflects that Nahas testified that the damage was in excess of fifty dollars.   Appellant's third contention is overruled.

In his fourth contention, appellant apparently urges that since he had not been convicted of the offense of willful destruction of property at the time of the revocation (the record is silent in this regard), that the revocation was improper.  Even if this allegation were supported by the evidence, it would not be meritorious.  A conviction is not the prerequisite for revocation of probation on the ground that the probationer has committed an offense against the law of this State.  Armstrong v. State, 472 S.W.2d 150 (Tex.Crim.App. 1971);  Hall v. State, 452 S.W.2d 490 (Tex. Crim.App.1970);  Hulsey v. State, 447 S.W. 2d 165 (Tex.Crim.App.1969).

The only issue in revocation cases is whether the trial court abused its discretion in revoking the probation.  e. g., Armstrong v. State, supra;  Branch v. State, 465 S.W.2d 160 (Tex.Crim.App.

1971); Patton v. State, 450 S.W.2d 856 (Tex.Crim.App.1970). In this case, there was evidence that appellant willfully injured the telephone. Even if the evidence was insufficient to show *willful* injury to the glass and the dictating machines, the evidence regarding the telephone alone would indicate a basis for the trial court's action and would not indicate an abuse of discretion. Appellant's fourth contention is overruled.

■■■■ Appellant has filed a supplemental brief in this Court which has not been filed in the trial court. In this brief he raises a contention not contained in his original brief. This is not properly before this Court for review. Art. 40.09, § 9, Vernon's Ann.C.C.P., e. g., Reeves v. State, 457 S.W.2d 924 (Tex.Crim.App.1970); Jackson v. State, 449 S.W.2d 242 (Tex. Crim.App.1969); Jackson v. State, 449 S. W.2d 245 (Tex.Crim.App.1969); Swanson v. State, 447 S.W.2d 942 (Tex.Crim.App. 1969). We have examined the same and we find it deals solely with matters not contained in any way in the record. This does not require review "in the interest of justice." Art. 40.09, § 13, V.A.C.C.P.

The order revoking probation is affirmed.