Jerry Wade **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44573.

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied April 19, 1972.

Ralph Taite, Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery. Trial was before a jury, with punishment assessed by the court at imprisonment for life. A prior conviction for an offense of like character was alleged in the indictment for enhancement purposes.

In his brief, appellant raises three grounds of error, all of which relate to the admissibility of evidence of prior convictions, which was introduced at the punishment stage of the trial.

■ In his first ground of error, appellant contends that the court improperly admitted a certified copy of an Order of Transfer which appears in the minutes of the Criminal District Court of Dallas County. The State offered evidence which showed that an indictment was presented in that court. The Order of Transfer was offered, for the purpose of showing that the case was transferred to Criminal District Court No. 4 of Dallas County. The State also offered a certified copy of an Order of Receiving, which appears in the minutes of Criminal District Court No. 4, where the judgment and sentence in the case were rendered.

In particular, appellant contends that the Order of Transfer was not properly certified. This order was not needed in order to prove the prior conviction. Therefore, even if it was not properly certified, its admission was harmless. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in admitting, at the punishment stage of the trial, a certified copy of a commitment to jail of appellant arising from a misdemeanor conviction. He contends that the copy was inadmissible because it recited ". . . c/c/ with all felony convictions in Crim. Dist. Ct. #3, Dallas Co. Tex." He maintains that this mention of felony convictions irreparably injured him.

First, we note that appellant expressly stated that he had no objection to the admission of the exhibit. Secondly, the general presumption is that in proceedings before the court, the trial judge disregarded any improper evidence in reaching his decision, e. g., Rodriguez v. State, 442 S.W. 2d 376 (Tex.Cr.App.1969); Murray v. State, 438 S.W.2d 916 (Tex.Cr.App.1969);

Johnson v. State, 428 S.W.2d 347 (Tex.Cr. App.1968); Hutchins v. State, 426 S.W.2d 235 (Tex.Cr.App.1968); Neely v. State, 409 S.W.2d 552 (Tex.Cr.App.1966). Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the trial court erred in admitting a copy of the Motion to Revoke Probation which was filed in the prior proceeding alleged for enhancement because ". . . Said motion did not set forth what offense if any appellant allegedly committed in violation of the laws of the State of Texas and therefore fails to put appellant upon proper notice of any violation of the terms of the probation appellant allegedly received in Cause No. F–1060–HK." The motion recited: "That Defendant has violated the following conditions of said probation in that commit no offense against the laws of this or any other State or the United States." The State offered a copy of the order granting and revoking probation, and the sentence. The only issue in this cause was whether the probation had been revoked. The propriety of the revocation could have been appealed separately (Art. 42.12, § 8. Vernon's Ann.C.C.P.) and is not in issue in this case. Appellant does not challenge the fact that the probation was revoked. Therefore, this contention is not properly before the Court in this proceeding.

■ It is well-settled that validity of the original conviction, from which no appeal is taken, cannot be raised on an appeal from a revocation order. e. g., Hungerford v. State, 474 S.W.2d 242 (Tex.Cr.App. 1971); McAlpine v. State, 462 S.W.2d 315 (Tex.Cr.App.1971); Higdon v. State, 436 S.W.2d 541 (Tex.Cr.App.1971). Likewise, it follows that under the circumstances of this case, appellant may not now attack the validity of the revocation proceeding. Appellant's third ground of error is overruled.

■ The appellant, pro se, has filed a Supplemental Brief in this Court, but not

in the trial court. In this brief he asserts nine grounds of error, none of which were raised in his original brief. These grounds are not properly before this Court for review. Reeves v. State, 457 S.W.2d 924 (Tex.Cr.App.1970); Jackson v. State, 449 S.W.2d 242 (Tex.Cr.App.1969); Jackson v. State, 449 S.W.2d 245 (Tex.Cr.App. 1969); Swanson v. State, 447 S.W.2d 942 (Tex.Cr.App.1969).

 After reviewing appellant's Supplemental Brief and the record, we are of the opinion that all of the grounds of error raised therein are either based upon matters not contained in the record, or are based upon misinterpretations of the record. We do not feel that the grounds "should be reviewed in the interest of justice." Art. 40.09, § 13, V.A.C.C.P. A detailed discussion of them would add nothing to the jurisprudence of this State.

 We also note that the judgment recites that the court, after finding that the enhancement allegations were true, "fixed Defendant's punishment at 12 years confinement in the Texas Department of Corrections as provided by law." Thereafter, the judgment states that "It is therefore considered and adjudged by the Court . . . that he be punished . . . by confinement in the Texas Department of Corrections for life . . . ."

The sentence recites that appellant's punishment has been set by the court at confinement for life. However, the sentence then directs that "Defendant shall be confined in said Texas Department of Corrections for 12 years . . . ."

 The statement of facts reflects that the trial court found the enhancement allegations to be true, and assessed punishment at confinement for life. The docket sheet also reflects that the court assessed punishment at life. Where this Court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal. Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App., delivered February 16, 1972); Golden v. State, 434 S.W. 2d 870 (Tex.Cr.App.1968); Brim v. State, 379 S.W.2d 664 (Tex.Cr.App.1964); Ex parte Brown, 145 Tex.Cr.R. 39, 165 S.W.2d 718 (1942); Kuhn v. State, 142 Tex.Cr.R. 40, 151 S.W.2d 208 (1941); Evans v. State, 141 Tex.Cr.R. 241, 147 S.W.2d 794 (1941); see also, Lowe v. State, 427 S.W.2d 867 (Tex.Cr.App.1968).

Likewise, this Court may reform a sentence so as to conform with the judgment. e. g., Vasquez v. State, 477 S.W.2d 629, (Tex.Cr.App., delivered February 16, 1972); Miller v. State, 427 S.W.2d 892 (Tex.Cr.App.1968); Fail v. State, 362 S.W. 2d 862 (Tex.Cr.App.1962); Ex parte Brown, 145 Tex.Cr.R. 39, 165 S.W.2d 718 (1942).

Therefore, the judgment and sentence are reformed to reflect that appellant's punishment was assessed at confinement for life.

As reformed, the judgment is affirmed.