Don Adell KALMBACH, Appellant,

v.

The STATE of Texas, Appellee.

No. 44756.

Court of Criminal Appeals of Texas.

May 24, 1972.

Rehearing Denied June 28, 1972.

**152**

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery. Trial was before a jury, which assessed punishment at confinement for 30 years. Appellant does not challenge the sufficiency of the evidence.

In his brief, appellant raises three grounds of error. In his first ground of error, appellant contends that the trial court erred in admitting the testimony of a police officer concerning statements made to him by appellant's co-indictee, Floyd Culver. The record reflects that Detective Elmer Boyd of the Dallas Police Department testified on direct examination that he was one of the officers who investigated the robbery in question. He testified that he arrested Culver on the 24th of July and that after Culver was arrested, a warrant was issued for the arrest of appellant. Boyd further testified that he arrested appellant on the 29th of July. Boyd was asked if he was looking for a particular type of car, and he answered that he was. At this point, appellant objected "to anything that he was on the lookout for," on the ground that was hearsay. The objection was sustained. Thereafter, Boyd testified, without objection, that he was looking for an Oldsmobile Toronado, and that he observed such an automobile parked, unoccupied, on a street in Dallas. After two hours, appellant came to the car and entered it. At that time he was arrested pursuant to the arrest warrant. Boyd testified, again without objection, that the warrant was issued after he had a conversation with Culver.

In part, appellant's cross-examination of Boyd was as follows:

"Q   Are you telling—are you trying to tell the jury, Elmer, that the warrant was issued as the result of the conversation you had with this man named Culver?

"A   Well, not entirely, partly.

"Q   Did Culver just come right out and tell you that he and Don Kalmbach went out and robbed this motel; he told you that?

"A   Well, he did later.

"Q   He told you that?

"A   Yes, sir."

Later in the course of the trial, Officer Boyd was recalled by the State. After testifying in rebuttal to appellant's defense of alibi, he was asked, "When was it that he (Culver) told you that this defendant was —." At this point, appellant objected to the question on the ground that it was repetitious and improper rebuttal. The jury was removed from the courtroom. A discussion between court and counsel ensued, during which appellant further objected on the ground that the conversation would be hearsay. The court then sustained appellant's objection to the content of the conversation, but ruled that the State would be permitted to ask if there were two conversations with Culver. Thereafter, the jury was returned to the courtroom and Boyd testified that he had only one conversation with Culver, and that the warrant for the appellant's arrest was issued the following day.

■ Appellant's first ground of error is without merit. Since appellant elicited on cross-examination the testimony set out above, which had not previously been in the case, he cannot be heard to complain of the admission of testimony, admitted without objection, which was less damaging than that which he elicited himself. E. g., Thompson v. State, 480 S.W.2d 624 (Tex. Crim.App., April 19, 1972); Merx v. State, 450 S.W.2d 658 (Tex.Crim.App.1970); Art. 38.24, Vernon's Ann.C.C.P.

■ In the argument accompanying his first ground of error, appellant raises another ground of error, although it is not set forth separately as required by Art. 40.09, § 9, V.A.C.C.P. Each ground of error should be set forth separately, with argument in support thereof following. Additional grounds of error should not be set forth in the argument accompanying another ground. Appellant's additional ground of error, however, will be reviewed by this Court because appellant's complaint can be ascertained by this Court. Art. 40.-09, § 9, V.A.C.C.P.

The record reflects that Culver was called as a witness by appellant. Culver appeared, accompanied by counsel, and refused to testify, appellant asking him if he and a third party had not committed the offense in question. Thereafter, on cross-examination, the State asked Culver if he had not, (1) told the police department that he and appellant had committed the robbery, (2) given the police a description of the car which appellant was driving, (3) whether he had been convicted for larceny in Oklahoma, and (4) "Would you like to tell the jury your penitentiary record in Texas." Culver refused to answer any of these questions. After the last question, appellant objected. The State then rephrased the question, and no objection was made. Thereafter, Culver was again asked if he had not told the police that he and appellant had committed the robbery. Appellant's objection on the ground that the question was repetitious was sustained. Several other questions were asked of Culver, all of which he refused to answer. At one point, appellant objected on the ground that the question was repetitious, and the objection was overruled.

■ In his additional ground of error, appellant contends that the tone of the questions propounded to Culver on cross-examination was such that they conveyed to the jury the idea that they were true. However, no objection was made to most of the questions, and the objections which were made were made on other grounds. No error is presented for review. E. g., Merx v. State, supra.

■ Further, unlike Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L. E.2d 934, appellant's co-indictee was called by the defense, not by the State. Even after the co-indictee repeatedly claimed the Fifth Amendment, the appellant continued to question him, attempting to leave the impression that he and a third party had committed the robbery. Having adopted such trial strategy, the appellant is in no

position to complain under all of the circumstances presented.

In his second ground of error, appellant contends that the in-court identification of appellant by the complaining witness, Mrs. Bland, was improperly admitted because the identification was "tainted" by an improper pre-trial photographic identification of appellant by the witness. A hearing was held outside the presence of the jury on the issue of the admissibility of the in-court identification. At the hearing, Mrs. Bland testified that she was shown several photographs, and that she identified a photograph of appellant on one occasion at the city jail. She also testified that she was shown two photographs by the prosecutor at his office. Mrs. Bland testified that she was given the two photographs at the same time. She further testified that she was aided by the photographs, but that she would have been able to identify appellant even if she had not seen the photographs, based upon her observation of appellant at the robbery.

■ Photographic identification of an accused prior to trial does not automatically taint an in-court identification. Ward v. State, 474 S.W.2d 471 (Tex.Crim.App. 1971). "* * * Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); Ward v. State, supra.

■ In the instant case, there was no evidence that the photographic identification was unduly suggestive. There is no evidence that appellant's photograph was larger, or that it alone was shown to the witness or that it was in some way singled out. In light of Mrs. Bland's certainty as to the basis of her identification, we find

that the trial court did not err in admitting the in-court identification.

In his third ground of error, appellant complains that the prosecuting attorneys improperly and prejudicially injected unsworn statement of facts concerning fingerprints at the scene of the robbery during their arguments.

Officer Boyd testified on cross-examination that he did not visit the scene of the robbery and did not have any personal knowledge of whether fingerprints had been lifted there.

In his opening argument, one of the prosecutors argued:

"- - - [Defense] Counsel brought out a lot about did the crime scene search section go out there and everything, about the police department, and about fingerprints, and it is a reasonable deduction from the evidence, and you can bet if there had been any fingerprints left we would have them here for you today."

The objection was overruled as was the subsequent motion for mistrial.

Appellant's counsel, in arguing the sufficiency of the complaining witness' identification, stated:

"The prosecutors are trying to infer to you that perhaps unreadable fingerprints were taken. If unreadable fingerprints were taken, why wasn't it brought into this Court in big blown up form and showed to you that they were unreadable, we couldn't prove it, or if fingerprints were taken and they revealed that they were his fingerprints why weren't they brought into this Court? They have got them, the agencies of the State have them; they are at their disposal, why aren't they in this courtroom? Be they readable fingerprints or unreadable, it would help you resolve that doubt in your mind that they have done everything in their power to see they have the right man."

Defense counsel subsequently continued his argument along the same line.

In his closing argument, the prosecutor answered by stating:

"Ladies and gentlemen, the defendant in a criminal case has the same subpoena powers as the State of Texas. He keeps mentioning the crime scene search division, and don't you know if there had been anything—any fingerprints taken or readable there that an officer from that division would have been subpoenaed up here to testify. Think about that."

Upon objection, the court instructed the jury that while the attorneys may draw reasonable deductions from the evidence, "They should not get outside the record" and that the jury was to disregard any argument "outside the record." No further relief was requested.

█ If there was any error in the State's original argument, it was cured by appellant's subsequent argument which expanded upon the subject matter and invited the closing argument by the State. Ground of error number three is overruled.

█ The appellant, pro se, has filed a Supplemental Brief in this Court, but not in the trial court. In this brief he asserts two grounds of error, neither of which was raised in his original brief. These grounds are not properly before this Court for review. Art. 40.09, § 9, V.A.C.C.P.; Johnson v. State, 478 S.W.2d 442 (Tex. Crim.App., March 8, 1972); Reeves v. State, 457 S.W.2d 924 (Tex.Crim.App. 1970); Jackson v. State, 449 S.W.2d 242 (Tex.Crim.App.1969); Jackson v. State, 449 S.W.2d 245 (Tex.Crim.App.1969); Swanson v. State, 447 S.W.2d 942 (Tex. Crim.App.1969). We do not feel that the grounds "should be reviewed in the interest of justice." Art. 40.09, § 13, V.A.C.C.P.

The judgment is affirmed.