Leroy SETTLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 39225.

Court of Criminal Appeals of Texas.

May 25, 1966.

Porter, Madalinski & Mondin, by William M. Porter, San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

The offense is aggravated assault; the punishment, 90 days in jail. Trial was before the court without the intervention of a jury.

All prior opinions are withdrawn, and the following substituted in lieu thereof.

The evidence produced by the State reflected that on the night in question an automobile containing the appellant, Joe Vitela, Tony Reyna, Mary Garcia, and one Cleto drove by the J and J Icehouse. Outside the icehouse were several patrons, one of whom was Armando Mata. As the automobile passed by the icehouse, a pistol shot was fired from the right side of the automobile, and Mata was struck in the stomach by a bullet.

Mary Garcia testified that Vitela had picked her up earlier in the evening, that they subsequently picked up appellant and the other men, and that the men had a bottle of liquor which they passed around, each drinking therefrom. She further testified that the men secured a pistol at appellant's house and that they thereafter went to the home of a man known to her only as Richard, where appellant fired several shots at Richard's home. She stated that they then went to the J and J Icehouse where she observed the appellant, who was sitting beside her in the right hand front seat, aim the pistol out the window and shoot three or four times, at which time he said that "* * * he was just going to shoot at everybody he saw in the streets. He didn't give a damn."

Appellant's witness Reyna testified initially that the shots inquired of were fired by Cleto, however, on cross examination he admitted that he actually didn't know who fired the shots because he was sitting on the left rear side of the car.

Appellant's first contention relates to the failure of the trial court to sustain his plea of former jeopardy filed on the day of the trial, in which he alleged that the unsuccessful use of a charge of an assault to murder Mata in proceedings to revoke his probation constituted former jeopardy. The allegation in a motion to revoke probation that probationer has committed a particular offense when the motion is heard by the court does not constitute jeopardy and will not bar a subsequent prosecution for such offense. Especially is this true in the case at bar where the court declined to revoke probation. The court therefore properly declined to consider the plea.

Appellant challenges the conviction alleging that it was based wholly on the uncorroborated testimony of accomplices. We have examined the testimony of Mary Garcia and have concluded that she was not shown to be an accomplice and therefore, appellant's contention in this regard is overruled.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed. Appellant's motion for rehearing is overruled.