**Lewis Eugene BANKS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47400.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Jake Cook (Court appointed) Fort Worth, for appellant.

Tim Curry, Dist. Atty., L. T. Wilson, Robert A. Sewell and William A. Knapp, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

REYNOLDS, Commissioner.

Following a jury trial, appellant Lewis Eugene Banks was convicted for the offense of felony theft, and the jury-imposed punishment of three years confinement was ordered to commence when a five year sentence assessed for a prior conviction in the same court, which was being appealed, has ceased to operate. The assertions of error are insufficient to warrant reversal.

Appellant has forwarded a pro se statement to be, and it has been, considered with the six grounds of error presented by his counsel. The presentation requires a recapitulation.

In Cause No. 83,259 on the docket of the Criminal District Court No. 4 of Tarrant County, appellant had been convicted of and assessed punishment of five years confinement for the offense of burglary; the imposition of sentence was suspended and appellant was placed on probation. Thereafter, an application to revoke probation was filed alleging, and following a hearing the trial court found, that appellant had violated a condition of his probation by committing the offense of theft of an automobile of the value of over fifty dollars. Appellant's probation was revoked and sentence was imposed.

In the case at bar, appellant was brought to trial under Cause No. 87,089 pending on the docket of the Criminal District Court No. 4 of Tarrant County on an indictment charging him with the same offense alleged, and previously found to have been committed by appellant, as a violation and ground for revocation of his probation. The indictment was returned to Criminal District Court No. 2 of Tarrant County and, by order of that court, transferred to Criminal District Court No. 4 of that county where the case was tried. Prior to arraignment, appellant's plea to the jurisdiction of the latter court was denied, and this action is the third ground of error.

■ Appellant's jurisdictional plea is founded on two statutes. First, appellant cites Article 4.16, Vernon's Ann.C.C.P., which provides, with exception appellant says is not material here, that where there is concurrent jurisdiction between courts, the court in which the indictment is first filed shall retain jurisdiction. Secondly, and as the stronger contention, Article 1926–45, Vernon's Ann.Civ.St., which states there is created Criminal District Court No. 4 of Tarrant County in 1969, is relied on for the argument that this statute, unlike the statutes creating the other Tarrant County criminal district courts, does not provide for concurrent jurisdiction with, or transfer of cases between, the other criminal district courts and, therefore, the trial court did not acquire jurisdiction.

Overlooked by appellant is the Judicial District Act of 1969, Article 199a, V.A.T.S. Section 3.025 of the act provides for the creation of Criminal Judicial District No. 4 of Tarrant County with reference made to Article 1926–45, V.A.T.S. for the text of the court created thereunder. Section 1.003 makes the provisions of Subchapter B applicable to all district courts created by the act. Section 2.002 under Subchapter B authorizes the transfer of any case from one district court to another in any county in which there are two or more district courts. The transfer of the case at bar was in compliance with and conformity to the statutory pronouncements.

The transfer was not prohibited by Article 4.16, V.A.C.C.P. The intent of this statute was not to prevent the authorized transfer of a case; rather, the statute "was intended to prevent any confusion or contention between different courts having concurrent jurisdiction and each seeking to exercise jurisdiction . . ." Flores v. State, 487 S.W.2d 122 (Tex.Cr.App.1972). Here, not only were the two courts not attempting to exercise jurisdiction of the case at the same time, but Criminal District Court No. 2 had affirmatively relinquished its jurisdiction to Criminal District Court No. 4, the trial court. The third ground is overruled.

■ On the ground that the testimony to be heard in the present case previously had been used as the basis for revoking his probation, appellant moved to quash the indictment. The motion was denied, and in his second ground appellant contends, sans citation of authority, the denial was erroneous because he was placed in "double jeopardy." The contention has been decided adverse to appellant's contention. In Settles v. State, 403 S.W.2d 417 (Tex.Cr.App.1966), the same issue was before this Court, and we held there: "The allegation in a motion to revoke probation that probationer has committed a particular offense when the motion is heard by the court does not constitute jeopardy and will not bar a subsequent prosecution for such offense." The second ground is overruled.

■ The initial challenge to the conviction is appellant's assertion that he was entitled to an instructed verdict of not guilty. This is so, appellant argues, because there is no evidence that he knew the automobile was stolen or had anything to do with the theft, and Elzry Turner admitted stealing

the car and had been convicted for the theft. There was no error in the denials of the motions for instructed verdict, for the action is presumed to be proper and for good cause. Lewis v. State, 481 S.W. 2d 822 (Tex.Cr.App.1972). However, since appellant primarily is complaining of the sufficiency of the evidence, a brief resume and review of the evidence is appropriate.

That the automobile, valued in excess of fifty dollars, was stolen is not disputed. Responding to a radio communication, N. T. Wyatt, a Fort Worth police patrolman, arrived within a minute at the scene of a collision between the stolen automobile and a city bus. Officer T. W. Richardson was present. Officer Wyatt observed two men, identified as appellant and Elzry Turner, Jr., in the front seat of the stolen vehicle. He placed appellant "behind the steering wheel slumped over toward his door" in a conscious condition. Turner was on the passenger's side, slumped over and apparently unconscious. When the ambulance arrived, the two men were removed from the stolen vehicle and taken to a hospital. The prosecution rested. Appellant moved for an instructed verdict. The motion was denied.

Appellant then called the city bus driver. His testimony was that he saw two men in the stolen vehicle, but he was unable to identify either one. Elzry Turner, Jr., who had been convicted for the theft of the automobile and placed on probation upon suspension of a three year sentence, testified. It was his testimony that he and appellant, both drunk, walked upon the automobile with keys in it. He said, "Let's go riding in it then." They entered the car; Turner drove and appellant sat on the passenger's side. Appellant never drove the automobile. Turner was driving at the time of the collision and was under the steering wheel when the police arrived. On cross-examination, Turner admitted signing a voluntary written statement, after being advised of and waiving his rights,

given to Detective J. L. Blaisedale two days after the theft. The statement contradicts Turner's direct testimony in that it contains the information that appellant suggested taking the automobile, that both knew they were stealing the vehicle, and that appellant was driving at the time of the collision. Turner maintained that these latter three statements contained in the written instrument were false. However, it was shown that approximately one month previously at his trial, Turner agreed that his written statement was true.

The appellant did not testify. Both parties closed and appellant reurged his motion for instructed verdict. The motion was overruled.

At each stage of the proceedings when the motions were made, there was evidence which, if believed by the trier of the facts, was sufficient to support each element of the offense charged. The evidence was heard and the facts were determined adverse to appellant's contention by the jury. In reviewing the sufficiency of the evidence, the reviewing court ascertains only whether there is any evidence which, if believed, shows the guilt of the accused. Ames v. State, 499 S.W.2d 110 (Tex.Cr.App.1973); Ware v. State, 475 S. W.2d 282 (Tex.Cr.App.1971). Furthermore, unexplained possession of recently stolen property is sufficient to support a conviction for theft of such property. See Gaines v. State, 501 S.W.2d 315 (Tex.Cr. App.1973). The foregoing recitation of the evidence is sufficient to sustain the conviction, and the first ground is overruled.

Prejudicial jury argument during the guilt stage of the trial is the subject of the fifth ground of error. The prosecutor's argument complained of is set forth in context as follows:

"MR. SEWELL: Reading the second portion of the law of principals, as coming from the Bench, His Honor Judge Gray, it says: 'Or who shall advise or

agree to the commission of the offense and are present are guilty as principals.'

"The mere presence of Banks in that vehicle, whether he thought this was a good idea to take it, is enough to have him convicted. If he has agreed—if he has consented—

"MR. COOK: Your Honor, I object to that. That's directly contrary to the Court's charge.

"THE COURT: I will sustain the objection. The Court's charge, ladies and gentlemen, is that mere presence alone is not sufficient to constitute—

"MR. COOK: We ask that the jury be advised not to consider the last statement of the District Attorney.

"THE COURT: Okay, I will instruct you not to consider his last statement for any purpose.

"MR. COOK: Since it's so prejudicial, we ask at this point for a mistrial.

"THE COURT: I will overrule the Motion for a Mistrial.

"MR. COOK: Note our exception.

"MR. SEWELL: Had I been allowed to finish—if by agreeing to enter this stolen vehicle, he is present at the scene; he is in the vehicle as it's being taken away from the scene, here is intent to deprive.

"Either of these points that I have mentioned to you in the law of principals is sufficient to convict the accused."

A consideration of the argument as a whole fails to reflect prejudicial argument, and any possible error was cured by the trial court's prompt rulings and instructions to the jury. The motion for mistrial was properly denied since this argument was neither clearly calculated to inflame the minds of the jurors nor suggestive of the impossibility of withdrawing the impression produced upon their minds by proper instruction. Guerra v. State, 478 S.W.2d 483 (Tex.Cr.App.1972). The ground is overruled.

■ At the hearing on punishment, there were introduced certified copies of the indictment, conviction and order suspending the imposition of sentence and placing appellant on probation in Cause No. 83,259. The jury was not informed that probation had been revoked and sentence imposed. In the charge on punishment, the trial court properly instructed the jury not to discuss how long the defendant would be required to serve the sentence, if any, the jury imposed. During its deliberation, the jury sent the court a note reading:

"Will the defendant have now to serve the remainder of his 1st sentence in addition to the sentence assessed him by us? Would they run concurrently?

The written response was that the trial court could not instruct the jury further and the jury was requested to read carefully and follow the instructions in the court's charge. Thereafter, the jury returned its verdict assessing punishment at confinement for three years.

By the fourth ground, appellant urges the jury was guilty of misconduct invalidating its verdict as to the punishment because it is clear from the jury's note that the jury discussed and even inquired about a matter they were instructed not to discuss. The contention of invalidation is not convincing. While the indication is that the jury was nibbling at the forbidden fruit, the ingestion, if any, would not ipso facto invalidate the verdict and justify a reversal absent a showing of harm or prejudice. This record is silent as to any discussion had by the jury on the matter and there is nothing to show that a misstatement of the law was made. Interestingly, the jury fixed the punishment, not at ten years as recommended by the prosecutor, but at three years, which conforms with defense counsel's argument that ". . . in all fairness, you should consider the

punishment at around two or three years." Because no harm or prejudice is shown to have resulted from the jury's conduct and the matter was not so obviously improper or incorrect as to warrant a reversal, the fourth ground is overruled. Compare Mullins v. State, 397 S.W.2d 426 (Tex.Cr. App.1965); and Scaling v. State, 499 S. W.2d 318 (Tex.Cr.App.1973).

■ The sixth and final ground is that the court erred in ordering the sentence to commence when the sentence in Cause No. 83,259 has ceased to operate. Without citing any authority, appellant argues that since Cause No. 83,259 is on appeal, the court was without authority to "stack" the sentences. The point is without merit, for the proposition has been determined contrary to appellant's position. The trial court is vested with the discretion under Article 42.08, V.A.C.C.P., to order two or more sentences to operate either concurrently or consecutively. Morales v. State, 416 S.W.2d 403 (Tex.Cr. App.1967); Christopher v. State, 489 S. W.2d 573 (Tex.Cr.App.1973). Appellant does not claim an abuse of discretion. The statute does not use the term, nor require that any of the sentences be in connection with, "final conviction;" and the undetermined appeal of a former conviction does not prevent the imposition of a cumulative sentence on a subsequent conviction. Alsup v. State, 84 Tex.Cr.R. 208, 206 S.W. 345 (1918). To paraphrase the language of *Alsup*: to sustain appellant's position would put it within the power of a defendant to annul the effect of the statute by giving notice of appeal. See also Jackson v. State, 449 S.W.2d 242 (Tex.Cr.App. 1970); Holcomb v. State, 484 S.W.2d 929 (Tex.Cr.App.1972). The last ground is overruled.

Appellant's pro se statements have been considered both with and apart from the formal grounds of error. We find them to be without merit.

The judgment is affirmed.

Opinion approved by the Court.