**Ex parte Jessie MALDONADO.**

**No. 07–83–0278–CR.**

Court of Appeals of Texas, Amarillo.

Feb. 14, 1984.

Discretionary Review Refused July 18, 1984.

---

87

Chuck Lanehart, Chappell, Lanehart & Aldridge, Inc., Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., Hollis M. Browning, Asst. Dist. Atty., Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

By this appeal from the trial court's refusal to grant relief in a habeas corpus proceeding,[1] appellant contends a pending felony indictment against him should be dismissed because prosecution under the indictment will violate constitutional double jeopardy provisions. We affirm.

While on probation for a felony offense, appellant was arrested and indicted for burglary of a habitation with intent to commit rape. Tex.Penal Code Ann. § 30.-02(a)(1) (Vernon 1974). After appellant was indicted, the State filed a motion to revoke his probation, alleging the burglary offense as a ground for revocation. The trial court heard the evidence and denied the motion, ruling that the State had not proved the elements of burglary of a habitation with intent to commit rape by a preponderance of the evidence. Contending he is being subjected to double jeopardy, appellant now seeks to prevent the State from going to trial on the indictment charging him with the offense the State was unable to prove in the revocation hearing.

■ Appellant presents a well-reasoned argument, grounded on Article 1, § 14 of the Texas Constitution, the Fifth Amendment of the United States Constitution, *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), in support of his contention that the unsuccessful attempt by the State to obtain a revocation of his probation bars his subsequent prosecution in another proceeding based on the same facts. However, this court must follow the precedents established by the Court of Criminal Appeals, and affirm the denial of habeas corpus relief.

■ *Settles v. State*, 403 S.W.2d 417 (Tex.Crim.App.1966), is directly in point. In that case, as here, the State attempted unsuccessfully to revoke the appellant's probation and later prosecuted him successfully on the same facts that were tendered in support of the motion to revoke probation. In rejecting a double jeopardy plea, the court said that presentation of evidence of a criminal offense in support of a motion to revoke probation does not constitute jeopardy and will not bar a subsequent prosecution for the same offense. This is especially true, the court noted, where the trial court declined to revoke probation.[2]

■ The same conclusion has been reached in related fact situations. *Davenport v. State*, 574 S.W.2d 73, 74 (Tex.Crim. App.1978); *Banks v. State*, 503 S.W.2d 582,

1. The procedural posture of the case, and our jurisdiction over it, conform with *Ex parte Robinson*, 641 S.W.2d 552, 553–55 & nn. 4, 7 (Tex. Crim.App.1982).

2. *Settles*, 403 S.W.2d at 418. The result of the revocation hearing is immaterial, however. The State need not be successful in order for jeopardy to attach. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

584 (Tex.Crim.App.1974); *Bass v. State,* 501 S.W.2d 643, 644 (Tex.Crim.App.1973) *cert. denied,* 415 U.S. 977, 94 S.Ct. 1563, 39 L.Ed.2d 873 (1974). The rationale of the cited cases is that a probation proceeding is essentially administrative in nature; thus, the defendant is not afforded the full range of constitutional and statutory protections available at a criminal trial. *Davenport,* 574 S.W.2d at 75. Accordingly, the double jeopardy provisions of the Texas and the United States constitutions are not offended when evidence used in an unsuccessful, *Settles, supra,* or successful, *Banks, supra,* attempt to revoke probation is later used to prosecute the defendant in a different case. Likewise, the State may continue to use the same incident as a basis for revoking a defendant's probation until it is successful. *Davenport,* 574 S.W.2d at 74–76; *Bass,* 501 S.W.2d at 643–44.

■ Appellant acknowledges the negative effect of *Settles* on his contention, but points out that it was decided before the United States Supreme Court decided *Ashe* and *Breed.*[3] However, the Court of Criminal Appeals' opinion in *Davenport,* written after the cited federal cases, adhered to the principles of *Settles* and again held that state and federal jeopardy provisions are not activated by a probation revocation hearing. *Davenport, supra; also see, Shaw v. State,* 622 S.W.2d 862, 864 (Tex. Crim.App.1981). Appellant's argument fails because its initial premise, that a revocation hearing is an adjudication, is contrary to established law. Therefore, appellant's ground of error is overruled.

The judgment is affirmed.

**3.** Although *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) represent expansions of federal double jeopardy protection, neither is factually similar to this case. In *Ashe,* the Court said a defendant acquitted on a charge of robbing a poker player could not be tried for robbing another player in the same game. In *Breed,* the Court said a juvenile subjected to adjudicatory proceedings could not be tried as an adult for the same events that supported the juvenile proceeding.

*Ashe* reveals the res judicata aspects of double jeopardy. Because the supervision of probationers is more of an administrative function than a judicial function, a revocation hearing is not considered to be a trial. *Cross v. State,* 586 S.W.2d 478, 481 (Tex.Crim.App.1979). Any decision reached is an administrative determination rather than an adjudication of issues, and thus can have no preclusive effect. *Davenport,* 574 S.W.2d at 76.