IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-176-CR




JIMMY ROY DAVIDSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0913371, HONORABLE TOM BLACKWELL, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of murder and assessed punishment, enhanced by two
previous felony convictions, at imprisonment for ninety years. Tex. Penal Code Ann. § 19.02
(West 1989). We will affirm.

 Appellant represented himself at trial with the assistance of appointed standby
counsel. After this attorney filed a brief on appeal, appellant moved to dismiss counsel and for
permission to represent himself. On remand to the district court, appellant persisted in his request
for self-representation and counsel was permitted to withdraw. Hubbard v. State, 739 S.W.2d
341 (Tex. Crim. App. 1987). As a consequence, counsel's brief was stricken. Appellant tendered
a pro se brief with his motion to dismiss counsel. He subsequently tendered a second pro se brief,
described by him as his "supplemental brief." In an abundance of caution, we directed the Clerk
to file both pro se briefs. In this opinion, a reference to a point of error will be preceded by a
roman numeral to indicate whether the point is found in the first or second pro se brief.


Facts


 On the night of March 11, 1991, Miguel Botello heard the sound of an automobile
accident outside his house, followed by the repeated honking of a car horn. When Botello went
outside to investigate, he found a taxicab in the 900 block of Neal Street that had jumped the curb
and crashed into a fence. Botello saw a man kneeling in the back seat of the cab and making
striking motions toward a second man who was also in the back seat. Botello identified the first
man as appellant. As Botello watched, appellant moved into the front seat of the cab and drove
away. Botello did not see a weapon in appellant's hand, but he did see blood on the street where
the cab had been stopped. Botello saw no one else in or near the cab.

 Appellant drove the cab to Brackenridge Hospital, where he arrived a few minutes
after the incident on Neal Street. With appellant in the cab was the victim, Jesse Eugene
Williams. Williams, the assigned driver of the cab that night, had numerous stab wounds. He
did not respond to treatment and was pronounced dead a short time after his arrival at the hospital. 

 Appellant told police officers at the hospital that he was walking down the street
when he saw the cab stopped beside Doris Miller Auditorium, near the intersection of Rosewood
and Chestnut Streets. Appellant said he saw a man stabbing Williams in the back seat of the cab. 
When appellant intervened, the man slashed at appellant and fled. The officers testified that
appellant had a large amount of blood on his clothing and that he had a laceration on the palm of
his hand.

 At the Neal Street location, police officers found a fence that appeared to have been
damaged by a car. They also found pools of blood in the street. The officers found no evidence
of a fight near the auditorium at Rosewood and Chestnut, but they did find a large knife covered
with blood lying in the street near this intersection. One of the officers testified that a person
driving the most direct route from the 900 block of Neal Street to Brackenridge Hospital would
pass through the intersection of Rosewood and Chestnut.

 The medical examiner, Dr. Roberto Bayardo, testified that Williams's body had
fifteen stab wounds to the face, neck, chest, and abdomen, and fifteen other defensive cutting
wounds to the hands. Some of the stab wounds were six to eight inches in depth and caused
serious internal injuries. The cause of death was massive internal bleeding resulting from the stab
wounds. Bayardo testified that the knife found by the police could have caused the wounds he
observed. Bayardo also examined photographs of the cuts on appellant's hand and testified that
they did not appear to be defensive wounds. Instead, the wounds were "slipping wounds" that
occur when a stabbing assailant's hand becomes slippery and slides down onto the blade of the
weapon.

 A Department of Public Safety chemist testified that blood samples taken from Neal
Street, inside the cab, and from appellant's clothing was of the same type as the victim's blood. 
The blood on the suspect knife was determined to be human, but could not be typed.


Sufficiency of Evidence


1. Guilt

 In several points of error, appellant challenges the legal sufficiency of the evidence
to support the conviction or complains of the overruling of his motion for instructed verdict based
on insufficiency of the evidence. See Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App.
1990) (challenge to overruling of motion for instructed verdict is actually challenge to sufficiency
of evidence). In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991).

 Appellant first contends the State failed to prove the corpus delicti. The corpus
delicti of murder is established if the evidence shows the death of a human being caused by the
criminal act of another. Fisher v. State, 851 S.W.2d 298, 303 (Tex. Crim. App. 1993). There
is no dispute that Williams was a human being and, from the presence of thirty stab wounds to
his body, a rational trier of fact could agree with the medical examiner that Williams's death was
caused by the criminal act of another. Points of error I-2 and II-12 are overruled.

 Appellant argues that the circumstantial evidence does not exclude the alternative
hypothesis that he was a Good Samaritan who interrupted the fatal assault on Williams by another
man. The "reasonable innocent hypothesis" construct does not apply in this cause. Geesa, 820
S.W.2d at 161. Even if it did, a reviewing court may not second-guess the trier of fact if the trier
of fact could reasonably conclude that the outstanding hypothesis was not reasonable. Boulden
v. State, 810 S.W.2d 204, 206 (Tex. Crim. App. 1991). Considering the evidence in this cause,
we conclude that a rational trier of fact could find that appellant's innocent hypothesis was not
reasonable. See also Turro v. State, 867 S.W.2d 43 (Tex. Crim. App. 1993). Points of error I-1
and II-11 are overruled.

 In another point of error, appellant contends the evidence is insufficient to sustain
his conviction because the State failed to prove that the knife introduced in evidence was the
murder weapon. We hold that the jury could reasonably conclude from the evidence presented
that Williams was fatally stabbed with a knife as alleged in the indictment. The jury could also
reasonably infer from the evidence that the knife introduced in evidence was the murder weapon. 
Cordova v. State, 698 S.W.2d 107, 112 (Tex. Crim. App. 1985). Point of error II-13 is
overruled.

 Appellant also brings forward a general challenge to the legal sufficiency of the
evidence. We find it to be without merit. The evidence, when viewed in the light most favorable
to the verdict, is sufficient to support a rational fact-finder's conclusion that appellant, at the time
and place alleged, intentionally or knowingly caused Williams's death by stabbing him with a
knife. Point of error II-14 is overruled.

 In a related point of error, appellant complains that his motion for instructed verdict
was overruled without a hearing outside the presence of the jury. Appellant did not request such
a hearing or object to its absence. Tex. R. App. P. 52(a). Appellant refers us to no authority
holding that such a hearing was required under the circumstances present in this cause. Point of
error I-3 is overruled.



2. Punishment

 In point of error I-6, appellant urges that the evidence does not support the jury's
finding that he is a habitual criminal. Tex. Penal Code Ann. § 12.42(d) (West Supp. 1994). The
previous convictions alleged for enhancement of punishment were Travis County cause numbers
58,172, a 1979 conviction for felony theft, and 51,021, a 1976 conviction for burglary. State's
exhibits 105 and 106 are penitentiary packets containing the judgments of conviction in those
cases. In both judgments, the person convicted is named Jimmy Roy Davidson. A police
fingerprint expert testified that appellant's fingerprints matched those contained in the penitentiary
packets. This evidence is sufficient to prove that appellant was the person previously convicted.

 Appellant also argues under this point that the State failed to prove that his 1979
theft conviction was for an offense committed after the 1976 burglary conviction became final. 
This argument is without merit. The judgment in cause number 51,021 is dated July 15, 1976. 
Absent a showing that notice of appeal was given, the conviction is presumed to have been final
on that date. Johnson v. State, 784 S.W.2d 413 (Tex. Crim. App. 1990). The judgment in cause
number 58,172 states that the offense was committed on April 19, 1979. Thus, the proper
sequence of convictions is shown.

 Appellant's last complaint under this point of error is that he was not permitted to
examine the penitentiary packets prior to trial. If true, this does not alter the efficacy of the
exhibits as proof of the previous convictions alleged for enhancement of punishment. Point of
error I-6 is overruled. 



Admission of Evidence


1. Clothing

 Appellant contends the district court erred in admitting State's exhibits 72 through
80, photographs of the clothes appellant was wearing on the night of the offense, and State's
exhibits 92 through 99, the clothes themselves. Police officer John Jones testified that after
appellant received medical treatment at the hospital, he voluntarily went to the police station to
make a statement. Appellant also agreed to give the police his clothes, which were believed to
be stained with the blood of the stabbing victim. When the exhibits were offered in evidence,
appellant objected on the ground that he did not voluntarily give his clothes to the police and that
he was under arrest at the time he did so. The district court initially sustained the objection, but
later changed its ruling on the basis of the opinion in United States v. Edwards, 415 U.S. 800
(1974). In Edwards, the Supreme Court held that police may seize and search an arrestee's
clothing as an incident of the arrest, without first obtaining a search warrant. 

 If appellant was under arrest as he now argues, the seizure of his clothing was
lawful. Id. We further note that all the testimony on this subject was to the effect that appellant
was not under arrest when he went to the police station and that he voluntarily turned over his
clothing. Finally, we conclude that any error in the admission of these exhibits was harmless,
since it was undisputed that appellant had been in the cab with the victim and several witnesses
testified that appellant's clothing was covered with blood. Tex. R. App. P. 81(b). Point of error
II-3 is overruled.

 Appellant asserts that his motion in limine was violated when the prosecutor
displayed to the jury State's exhibits 38 and 39, the clothes worn by the victim on the night of the
offense. The motion in limine asked that all exhibits be kept out of the jury's sight until offered
in evidence. The exhibits were not brought forward until they were offered, and no violation of
the motion in limine is shown. Point of error II-5 is overruled.



2. Identification 

 Appellant sought to suppress Miguel Botello's in-court identification testimony. 
In a written motion, appellant alleged that Botello identified him at a pretrial lineup only after
police officers used "trick signals" to inform the witness of appellant's position in the lineup. 
Appellant does not, however, repeat this contention on appeal. The record, which includes
testimony by the attorney appointed to represent appellant at the lineup, supports the district
court's finding that the lineup was not impermissibly suggestive. 

 The argument appellant now makes is that he was unlawfully arrested prior to the
lineup. This argument does not appear to have been made to the district court. Tex. R. App. P.
52(a); Tex. R. Crim. Evid. 103(a)(1). In any event, there is nothing in the record to support the
conclusion that Botello's in-court identification of appellant was in any way tainted by appellant's
allegedly unlawful arrest. See Pichon v. State, 683 S.W.2d 422 (Tex. Crim. App. 1984). Point
of error II-2 is overruled.




3. Autopsy 

 In point of error II-1, appellant contends that all evidence obtained as a result of
the autopsy of the deceased should have been suppressed because appellant was not present at the
autopsy. Appellant relies on article 49.14(d) of the Code of Criminal Procedure, which provides
for the attendance of the accused at an inquest hearing. Tex. Code Crim. Proc. Ann. art. 49.14(d)
(West Supp. 1994). An inquest hearing is a formal court proceeding. Tex. Code Crim. Proc.
Ann. art. 49.01(3) (West Supp. 1994). An autopsy is not an inquest hearing. Art. 49.01(a). 
Whether to conduct an inquest hearing is left to the discretion of the justice of the peace, and there
is no evidence in this cause that an inquest hearing was held. The point of error is overruled.

 Appellant also contends the district court erred by overruling his objection to the
admission of State's exhibits 34 and 35, photographs of the body of the deceased. Appellant
argues that the identity of the victim could have been established with a photograph of Williams
taken while he was alive. While the photographs were used for identification purposes, they were
also admitted to show the victim's wounds. We find no abuse of discretion in the admission of
the exhibits. See Jones v. State, 843 S.W.2d 487, 500-01 (Tex. Crim. App. 1992). Point of
error II-6 is overruled.



4. Knife

 Appellant argues that the knife found by police at Rosewood and Chestnut was
inadmissible because it was not positively identified, by fingerprints or blood type, as the murder
weapon. The lack of positive identification did not render the knife inadmissible, but was a factor
to be considered by the trier of fact in determining the weight of the evidence. Simmons v. State,
622 S.W.2d 111, 113 (Tex. Crim. App. 1981). Point of error II-4 is overruled.



5. Blood samples

 State's exhibit 71 is a bag containing blood samples taken from the 900 block of
Neal Street. Appellant objected to its admission because the writing on the exhibit states that the
samples were collected on Thompson Street. The officer who collected the samples testified that
he made a mistake when he wrote the street name on the exhibit bag. This also was a matter
going to the weight of the evidence, not to its admissibility. Gilmore v. State, 666 S.W.2d 136,
152 (Tex. App.--Amarillo 1983, pet. ref'd). Point of error II-7 is overruled.

 In point of error II-9, appellant contends a search warrant used to obtain samples
of his hair, blood, and saliva was unlawfully issued because appellant was not taken before the
magistrate who issued the warrant. The statutes cited by appellant do not support his contention
that his presence was required. If there was a delay in taking appellant before a magistrate
following his arrest, appellant has not demonstrated a causal connection between that delay and
the taking of the samples pursuant to the search warrant. See Boyd v. State, 811 S.W.2d 105, 125
(Tex. Crim. App. 1991). The point of error is overruled.



6. Unadjudicated offense

 Appellant contends that Rosemary Lehmberg, an assistant district attorney, was
erroneously permitted to testify at the punishment stage that appellant had been accused previously
of attempted capital murder. Lehmberg testified on direct examination that, in her opinion,
appellant was not a peaceable and law-abiding person. During cross-examination, appellant
questioned Lehmberg about the basis for her opinion.


Q. Okay. So your opinion that Mr. Davidson is bad -- has a bad reputation is
based upon, what, something remote in time, 10, 11 years ago, 12 years
ago?


A. Well, I believe I stated that I believed your character was bad, your
character for being peaceful and law abiding was bad.


Q. Based on what you know of Mr. Davidson in 1979, right?


A. That's correct. And -- yes.


 . . . .


Q. Only since 1979 is the last time you had any business, personal or official
contact with Mr. Davidson?


A. That's correct.


Q. And based upon that contact, you're saying Mr. Davidson is bad, and here
it is 1990 -- what, 1992?


A. I'm basing my opinion that I've stated here on information that I have from
1979 and preceding 1979.



On redirect, Lehmberg testified that she handled appellant's 1979 prosecution for theft. Over
objection, she stated that appellant also had been indicted in 1979 for attempted capital murder. 
This indictment was dismissed as part of a plea bargain.

 At the time of appellant's trial, evidence of an unadjudicated offense committed by
the accused was generally inadmissible at the punishment stage. Grunsfeld v. State, 843 S.W.2d
521 (Tex. Crim. App. 1992). The State argues, however, that appellant opened the door to the
evidence he complains of by cross-examining Lehmberg about the facts on which she based her
opinion of appellant's character. Because appellant established during his cross-examination that
Lehmberg's opinion was based on her contact with appellant in 1979, the State urges that he was
in no position to complain when the State inquired into the nature of that contact. See Tex. R.
Crim. Evid. 107; Parr v. State, 557 S.W.2d 99, 102 (Tex. Crim. App. 1977). 

 Whether or not the State's argument is correct, appellant opened the door to
evidence of his prior acts of misconduct during questioning of his sister, whom he called as a
character witness immediately after Lehmberg testified. Mary Johnson testified that appellant's
reputation in the community in which he lived is good. The tenor of her testimony also was to
the effect that, in her opinion, appellant is a man of good character. Having so testified, Johnson
was subject to impeachment with "have your heard" and "do you know" questions. Reynolds v.
State, 848 S.W.2d 785, 788 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd); Lancaster v.
State, 754 S.W.2d 493, 495 (Tex. App.--Dallas 1988, pet. ref'd); see Tex. R. Crim. Evid. 405(a). 
Without objection, Johnson was asked during cross-examination if she was aware of appellant's
extensive criminal record, including his 1979 arrest for attempted capital murder. Under the
circumstances, any error attending Lehmberg's earlier testimony was rendered harmless. Point
of error II-10 is overruled.



Other Points 


 Appellant complains that the district court erred by overruling his motion to dismiss
filed July 19, 1991. This motion was filed in Travis County cause number 912638. The
indictment in that cause was dismissed on the State's motion after appellant was reindicted in the
instant cause. That renders this complaint moot, as well as his additional complaint that the
indictment in cause number 912638 was erroneously amended. Points of error I-5 and II-8 are
overruled.

 We also overrule point of error I-10, in which appellant complains of the overruling
of his plea to the jurisdiction of the 299th District Court. The original indictment, cause number
912638, was filed in the 147th District Court. That cause was transferred to the 299th District
Court before the instant indictment was returned. Contrary to appellant's contention, this transfer
was not prohibited by article 4.16. Tex. Code Crim. Proc. Ann. art. 4.16 (West 1977); Banks
v. State, 503 S.W.2d 582, 584 (Tex. Crim. App. 1974). Two district courts were not attempting
to exercise jurisdiction over this cause simultaneously. Banks, 503 S.W.2d at 584.

 Appellant asserts in point of error I-7 that the indictment in this cause was forged,
that the district court did not have jurisdiction as a result, and that the judgment of conviction is
accordingly void. Appellant cites nothing in the record to support this allegation. The point of
error is overruled.

 In point of error I-9, appellant states that he is a paranoid schizophrenic and that
it is his belief that "his whole trial was a sham designed to hoodwink him into believing he had
been duly tried and convicted and sent to prison." He alleges that he is the victim of a conspiracy. 
Appellant cites no evidence to support this claim. The point of error is overruled.

 Point of error I-4 complains of a "denial of right to liberty, counsel, freedom of
choice after arrest and prior to trial, and denial of right to compulsory process of witnesses,
discovery and impartial tribunal during trial." By this point, appellant repeats several of the
contentions previously discussed, including the alleged forgery of documents and collusion
between prosecutors and trial court. He also alleges that he was denied counsel, discovery,
medical treatment, and a probable cause hearing. Appellant cites nothing in the record to support
these allegations, and our examination of the record reveals that the allegations are baseless. The
point of error is overruled.

 Appellant's last point of error is that he was denied a full record on appeal. In our
order remanding this cause for a Hubbard hearing, we directed that the trial record be made
available to appellant were he to persist in his request for self-representation. When appellant
later complained that the record was incomplete, we ordered a hearing in the district court at
which appellant was permitted to present all of his complaints with regard to the record. As a
result of that hearing, the court reporter's notes from a pretrial hearing was transcribed and filed
in the record. In yet another order, we overruled appellant's further objection to the record after
finding no merit to his remaining complaints. Because we find no support for appellant's
contention that he was denied a full record on appeal, we overrule point of error I-8.

 The judgment of conviction is affirmed.



Before Justices Powers, Aboussie and Jones

Affirmed

Filed: March 16, 1994

Do Not Publish