Opinion issued February
16, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00507-CR

          01-10-00508-CR

———————————

Johnny Elanjickal, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 400th District
Court

Fort Bend County, Texas



Trial Court Case Nos. 50354 & 50405

 



 

 

MEMORANDUM OPINION

 

          Johnny Elanjickal
was convicted by a jury of the offenses of possession of 3, 4–methylenedioxy methamphetamine[1]
and cocaine.[2]
 The jury assessed punishment at seven
years’ confinement for both offenses, concurrent.  In one point of error, Elanjickal
contends the trial court’s answers to questions from the jury were improper and
a comment on the weight of the evidence. 
We affirm.

Background

          After the
jury convicted Elanjickal
of both offenses and both sides closed on the punishment phase, the jury sent a
note asking two questions:

          THE COURT: Let the record reflect that
we have a note from the jury in which the jury poses two questions.  Question 1 is: “Are the two verdicts consecutive
or concurrent?”  Question 2: “Will the
time spent,” paren, “about six months,” close -- excuse
me, “about 16 months,” close paren, “apply to the
sentence?”

          And the Court proposes to respond to
the questions as follows: “Members of the jury: In response to your first
question, the sentences that you assess will run concurrent.  In response to your second question, in all
criminal cases, the judge of the court in which the defendant was convicted
shall give the defendant credit on his sentence for the time that the defendant
has spent in jail in said cause from the time of his arrest and confinement
until his sentence by the trial court.”

          . . . .

          Does the State have any objections to these
responses?

          [STATE]: No, Your
Honor.

          [DEFENSE COUNSEL]: Yes, we do. . .
.  There’s no way that this jury, with
respect to sentencing, is going to not assess something at the maximum or the
higher range of punishment as a result of the two instructions the Court intends
on giving them.  It’s a comment on the
weight of the evidence.

          . . . .

          THE COURT: Refresh my recollection.  Was it not the Defendant who basically
volunteered the information about the time spent in jail?

          [DEFENSE COUNSEL]: I don’t remember specifically
if he volunteered it, Judge, but it’s out there.  It’s in record.

          THE COURT: Well, my point is I don’t think
it was brought out by State.  I think it
was brought out by the Defendant.

          . . . .

          THE COURT: Which
prompted this question in the first place.  Does the State want to respond to his
objections?

          [STATE]:  . . . .

          Further,
Judge, there was an issue brought up about whether one or both of these
instructions would be a comment on the weight of the evidence.  Simply, neither is a comment on the weight of
the evidence, because they don’t comment on an element of an offense -- we’re
in punishment at this point -- nor do they assume the truth of the controverted
issue.  It’s very clear from the Code of
Criminal Procedure, specifically 42.03, that Mr. Elanjickal is required to get credit for the 16 months or
so he has been in jail.  Furthermore, it’s
also clear from the Code of Criminal Procedure that the sentences are to run
consecutively in this case, and because there’s no issue -- concurrently.  Did I say consecutively? I apologize, concurrently.  And because neither of those are at issue, there’s no controverted issue.  It would not be a comment on the weight of the
evidence as such.

          .
. . .

          THE
COURT: Defendant’s objections are overruled.  The response will go to the jury.

 

Discussion

          On
appeal, Elanjickal
contends that because the jury charge makes no mention of the application of
accumulated jail time credit, “Clearly the absence of an instruction regarding
jail time credit and the jury’s inquiry of it dictates the existence of an
error in the charge.”  Elanjickal then claims that the trial court’s answer was a
comment on the weight of the evidence, citing to Code of Criminal Procedure
article 36.14.  Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007) (“judge shall . . . deliver
to the jury . . . a written charge . . . not expressing any opinion as to the
weight of the evidence”).

          Elanjickal testified during the punishment phase about the
amount of time he had served in jail: “I need to exercise
self-control.  I need to also learn how
to respond better to those type of situations.  There’s not many
people – I’ve learned, being in jail for
16 months currently, yeah, there’s people who do things that I don’t agree
with, but that doesn’t mean I should go and hit them or argue with them.”  (Emphasis added).  Elanjickal
cites no authority for the proposition that the trial court’s answer would
constitute a comment on the weight of the evidence, and we know of none.

          Elanjickal also contends that the trial court should not
have instructed the jury, citing Banks v.
State, 503 S.W.2d 582 (Tex. Crim. App. 1974).  Banks
involved a question from the jury regarding how long a sentence the defendant
would have to serve for a prior conviction in which his probation had been
revoked.  Id. at 586.  In that case, the trial court refused to
instruct the jury further.  Id. 
The current appeals, however, do not involve a prior conviction, and the
trial court here gave a correct statement of the law—that the defendant will be
given credit on his sentence for the time the defendant has spent in jail for
the case.  See Tex. Code
Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2011).

          We
hold that Elanjickal has not demonstrated on appeal
that the trial court’s answer to the jury was erroneous.  Consequently, there is no need for us to conduct
a harm analysis.  See Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984 & 1985).  We overrule Elanjickal’s
sole point of error.

Conclusion

          We affirm the judgments of the trial
court.

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do not
publish.  Tex. R. App. P. 47.2(b).











[1]         Trial
court case number 50354 and appellate case number 01-10-00507-CR.  Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.103(a)(1), .116(a), (c)
(West 2010) (controlled substance weighing one gram or more but less than
four grams).

 





[2]         Trial
court case number 50405 and appellate case number 01-10-00508-CR.  Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.102(3)(D), .115(a), (c)
(West 2010) (controlled substance weighing one gram or more but less than
four grams).