

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALBERTICO VALENZUELA, | § | No. 08-22-00189-CR |
| Appellant, | § | Appeal from the |
| v. | § | 161st Judicial District Court |
| THE STATE OF TEXAS, | § | of Ector County, Texas |
| Appellee. | § | (TC# B-19-0301-CR) |

**<u>MEMORANDUM OPINION[1]</u>**

Appellant Albertico Valenzuela, who was charged by four separate indictments with racing on a highway causing serious bodily injury or death, pleaded guilty to a jury in all four cases in a consolidated trial. TEX. TRANSP. CODE ANN. § 545.420(a), (h). By its verdict, the jury assessed punishment of twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice for each case. The trial court imposed punishment, with sentences running concurrently on each charge. Valenzuela challenges the trial court's judgment in four separate appeals—which are docketed here as cause numbers 08-22-00189-CR, 08-22-00190-CR, 08-22-00191-CR, and 08-22-00197-CR. We address each separately. This appeal addresses cause

---

[1] We hear this case on transfer from the Eleventh Court of Appeals in Eastland and apply that court's precedent as required by TEX. R. APP. P. 41.3.

number 08-22-00189-CR. In each appeal, Valenzuela asserts one issue contending the trial court erred by responding substantively to a jury question asking whether the sentences would run concurrently or consecutively. We affirm.

## I. BACKGROUND

Because Valenzuela does not challenge the sufficiency of the evidence to support his conviction, we only recite a summary of the facts necessary for the appeal. *See King v. State*, 953 S.W.2d 266, 267 (Tex. Crim. App. 1997).

The State charged Valenzuela with racing on a highway in violation of § 545.420 of the Texas Transportation Code, a second-degree felony. TEX. TRANSP. CODE ANN. § 545.420(a), (h). The indictment in the current trial court cause number (B-19-301-CR) alleged Valenzuela intentionally and knowingly operated a vehicle from a point side by side with another vehicle at accelerating speeds in a competitive attempt to outdistance the other vehicle. The indictment also alleged Christian Flores suffered death as a result of the offense.[2] Valenzuela pleaded guilty to a jury to all four charges. The State proceeded to the punishment phase whereby it also presented evidence to support Valenzuela's guilty plea.

The evidence showed that on the night of October 1, 2018, Valenzuela and another driver were racing their respective Dodge Challengers. The evidence showed Valenzuela's speed reached between approximately 110 miles per hour and 125 miles per hour down a road with a marked speed limit of 55 miles per hour. Valenzuela's vehicle contacted the other driver's vehicle which

---

[2] Valenzuela's additional appeals concern the other resulting deaths: Appellate cause number 08-22-00190-CR (trial court cause number B-19-0303-CR) includes an allegation that Kassandra Delagarza suffered death as a result of the offense; Appellate cause number 08-22-00191-CR (trial court cause number B-19-304-CR) includes an allegation that Elias Delagarza suffered death as a result of the offense; and Appellate cause number 08-22-00197-CR (trial court cause number B-19-0302-CR) includes an allegation that Araceli Gabaldon suffered death as a result of the offense. All four cases were consolidated for trial on the State's motion.

set off a chain reaction of crashes. The accident resulted in the death of the competitor driver, Christian Flores; and three bystanders all riding in another car, Araceli Gabaldon, her twenty-year-old daughter, Kassandra Delagarza, and her nine-year-old son, Elias Delagarza.

The jury was instructed to find Valenzuela guilty as charged in the indictment and assess punishment. The jury found Valenzuela guilty and assessed punishment at twenty years confinement for each offense. The trial court entered judgment in accordance with the jury's verdict, and for each sentence to run concurrently.

Valenzuela appealed.

## II. DISCUSSION

In one issue, Valenzuela complains the trial court erred by responding to a jury question as to whether the sentences would run concurrent or consecutive with the following answer: "Based on the law applicable to this case, sentences shall run concurrent."

Following the presentation of evidence, the jury retired to deliberate on punishment. During deliberations, the jury sent a note to the trial court asking: "Double checking. Are sentences concurrent (served at the same time) [or] consecutive (one sentence after the other ends?)"[3] The trial court initially informed counsel that it would respond: "By law . . . any sentences imposed shall run concurrently." A discussion ensued between counsel and the court. The trial court stated it believed it would be misleading to make the jury think the charges could be stacked. Defense counsel responded that the jury should not be inquiring into the decision on each individual charge. And he further argued the trial court would be instructing the jury on something that is not in the charge. The trial court took a break to allow for researching of the issue. The trial court then

---

[3] The jury also sent a second unrelated note, which is not at issue.

decided it would send a note back to the jury stating: "Based on the law applicable to this case, sentences shall run concurrent[ly]." The State did not object. The trial court asked the defense if there were any objection, to which he responded, "I do."

The trial court is required to give the jury a written charge setting forth the law applicable to the case, "not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. ANN. art. 36.14. When reviewing a complaint against a jury charge, we must first determine whether error occurred, and if it did not, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

Valenzuela cites to two cases and a dissenting opinion in contending that "the trial court [abused] its discretion by giving an additional Charge to the jury." First, in *Banks v. State*, the jury sent a note to the trial court questioning how long a sentence the defendant would have to serve for a prior conviction in which his probation had been revoked. 503 S.W.2d 582, 586 (Tex. Crim. App. 1974). The trial court refused to instruct the jury further and referred them to the original jury charge. *Id.* On discretionary review, the Court of Criminal Appeals described, "the charge on punishment . . . properly instructed the jury not to discuss how long the defendant would be required to serve the sentence, if any." *Id*. Even so, the defendant raised an issue of jury misconduct arguing the jury's question showed they discussed matters they were instructed not to discuss. *Id.* The Court rejected this argument, however, reasoning that "no harm or prejudice is shown to have resulted from the jury's conduct and the matter was not so obviously improper or incorrect as to warrant a reversal[.]" *Id.* at 587.

In the second case cited by Valenzuela, the circumstances differed considerably from *Banks*. In *Jewell v. State*, the trial court answered a jury question erroneously. 593 S.W.2d 314,

4

316 (Tex. Crim. App. [Panel Op.] 1978) (noting "the jury did not receive 'proper instructions'"). Given the nature of the error, the Court of Criminal Appeals determined that no objection on the part of the defendant was necessary to preserve error because the erroneous instruction deprived the defendant of a fair and impartial trial. *Id.* Lastly, Valenzuela cites to the dissenting opinion of *Haliburton v. State*, 578 S.W.2d 726, 729 (Tex. Crim. App. [Panel Op.] 1979). There, Judge Phillips expressed his view that a trial court's response to a jury note should be to refer the jury to the original charge. *Id.* at 730. Judge Phillips opined that the potential for harm to a convicted defendant from an additional instruction is so great that no such instruction should be provided. *Id.* Based on these authorities, Valenzuela advocates that the trial court should have simply referred the jury to the original charge. In doing otherwise, he argues the trial court abused its discretion. Valenzuela further states there is nothing in the record to reflect the reason for the jury's question. He continues arguing that "neither harm nor benefit can be assumed from the question" but "if harm can result then the instruction given by the trial court in the case at bar is fundamental error." He argues that an instruction to refer to the already-given jury charge is the "gold standard" and should have been given by the trial court.

Here, we conclude that Valenzuela's arguments are unpersuasive. Rather, the majority opinion in *Haliburton* is controlling and we see no reason to depart from it. There, the jury sent a note to the trial court asking, "will the two sentences run concurrently?" *Haliburton*, 578 S.W.2d at 728. The trial court responded in writing instructing the jury on the law and answering "yes" to their question. *Id.* Ultimately, the Court held the trial court did not abuse its discretion by giving the additional charge to the jury. *Id.* at 729.

Section 3.03(a) of the Texas Penal Code provides that when an accused has been found guilty of more than one offense arising out of the same criminal episode prosecuted in a single

criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. TEX. PENAL CODE ANN. § 3.03(a). Except as provided by subsection (b) of the statute, subsection (a) further provides that, in such circumstances, the sentences shall run concurrently. *Id*. Here, none of the other circumstances addressed in subsection (b) apply. Therefore, a trial court does not abuse its discretion by informing the jury, in response to a question from the jury, that the sentences will run concurrently. *See Haliburton*, 578 S.W.2d at 729; *Render v. State*, 347 S.W.3d 905, 923 (Tex. App.—Eastland 2011, pet. ref'd); *Dickson v. State*, 986 S.W.2d 799, 804 (Tex. App.—Waco 1999, pet. ref'd) (rejecting an argument to reexamine the holding in *Haliburton* that a trial court does not abuse its discretion by submitting an instruction informing the jury that sentences will run concurrently). Moreover, even if we assume Valenzuela preserved error, we nonetheless conclude he failed to demonstrate on appeal that the trial court's answer to the jury's note was erroneous.

Finally, as to harm, Valenzuela proffers an unsupported argument. Although he acknowledges that "neither harm nor benefit can be assumed" from the jury's question, he simply asserts that "if harm can result then the instruction given by the trial court in the case at bar is fundamental error." For this proposition, he provides no authority and we have found none. As noted by the Court of Criminal Appeals, a reviewing court cannot determine why the jury took the path it did and cannot presume harm. *See Haliburton*, 578 S.W.2d at 728 ("Knowledge that the sentences would run concurrently is a two-edged sword. The information could have been used to increase the punishment or, just as easily, used to reduce the number of years to avoid excessive punishment. We cannot determine from the record which path the jury took[,] and[] with these alternatives, harm will not be presumed.").

We overrule Valenzuela's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

GINA M. PALAFOX, Justice

May 12, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)